Kenneth NIXON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–01284–CR.

Court of Appeals of Texas, Houston, (1st Dist.).

Dec. 31, 1996.

Randy Martin, Houston, for Appellant.

John B. Holmes, S. Elaine Roch, Houston, for Appellee.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

## EN BANC OPINION

HUTSON–DUNN, Justice.

A jury found appellant Kenneth Nixon guilty of the third degree felony of criminal mischief for driving his pickup truck through the back of his estranged wife's house.[1] TEX. PENAL CODE ANN. § 28.03(a)(1) (Vernon 1994). The trial court sentenced appellant to 12–years imprisonment and a $10,000 fine, enhanced by a previous conviction for murder.[2] Appellant appeals in two points of error, claiming that the trial court erred in rendering judgment because the court erroneously admitted evidence concerning the value of the damage to the house. We affirm.

---

1. The indictment charged appellant with inflicting a pecuniary loss on his wife of between $750 to $20,000, the range for a third degree felony. Act of May 29, 1989, 71st Leg., R.S., ch. 1253, sec. 1, § 28.03(b)(4)(A), 1989 Tex.Gen. Laws 5055, 5055 (former TEX. PENAL CODE ANN. § 28.03(b)(4)(A)), *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 28.03(b)(4), 1993 Tex.Gen. Laws 3586, 3629.

2. Appellant was also indicted for attempted murder and aggravated assault of his estranged wife, but the jury found him not guilty on those charges.

Appellant's first point of error attacks the trial court's admission of the testimony of Robert Walker, a longtime neighbor and property investor, concerning the damage to the house. Appellant objected that Walker was not qualified as an expert witness to put a money value on the damage. The trial court overruled the objection, and Walker testified that the damage to the house was far in excess of $750.

■■■ Appellant cites to the cases of *Elomary v. State* and *Sebree v. State* to establish Walker's testimony should not have been admitted. *Elomary v. State*, 796 S.W.2d 191 (Tex.Crim.App.1990); *Sebree v. State*, 695 S.W.2d 303 (Tex.App.—Houston [1st Dist.] 1985, no pet.). We agree. *Elomary* and *Sebree* conclude that expert testimony is required in a criminal mischief case to establish the fair market value of the cost of repairs to the damaged property if there is no other evidence other than a lay witness.[3] *Elomary*, 796 S.W.2d at 193; *Sebree*, 695 S.W.2d at 305; *see* TEX. PENAL CODE ANN. § 28.06(b) (Vernon 1994). The State did not attempt to qualify Walker as an expert, and Walker's experience as a property investor does not qualify him as an expert witness on repairing or restoring damaged property. *See* TEX. R.CRIM.EVID. 702. We hold the trial court abused its discretion in admitting Walker's testimony.

■■ Appellant's second point of error attacks the trial court's admission of the testimony of Wyleta Tarwater–Nixon, appellant's former wife, concerning the amount of the estimate she received to repair the damage to the house:

[State:] Did you have an opportunity to get an estimate as to how much it was going to be to repair the house?

[Tarwater–Nixon:] I received it.

[State:] And do you remember the value off hand or would you like me to show you [the] document?

[Defense counsel:] I object as to some sort of estimate. That would be hearsay.

THE COURT: Overrule.

[State:] Do you remember the amount that [it] was going to cost to fix the house offhand?

[Tarwater–Nixon:] I had one for twelve, I think 12,000 and I had another for 20,000.

We agree with appellant that the statement of appellant's former wife was hearsay because it is a verbal statement made by someone other than the person who provided the estimate and was offered in evidence to prove the truth of the matter asserted, *i.e.*, that the cost of repairs to the house was between $750 to $20,000. TEX.R.CRIM.EVID. 801(d). Appellant's former wife was not testifying as to her knowledge of the cost of repairs, but as to the estimate. Thus, this testimony was inadmissible hearsay. TEX. R.CRIM.EVID. 802; *see Elomary*, 796 S.W.2d at 193–94. We hold that the trial court abused its discretion in admitting the hearsay statement.

■ We must now determine beyond a reasonable doubt if the errors made a contribution to appellant's conviction. TEX. R.APP.P. 81(b)(2). In *Elomary* and *Sebree*, the courts do not mention any evidence proving value, except for the testimony concerning damage estimates. *Elomary*, 796 S.W.2d at 192; *Sebree*, 695 S.W.2d at 304–05. In this case, there were numerous photographs introduced and described by persons on the scene that the jurors could view and determine, based on their common knowledge, that the amount of the pecuniary damages was far in excess of the $750 required to support this element of the offense.

Exhibits, by way of photographs, show appellant's truck totally crashed through the rear of the brick home and stopped inside the house. The photographs show the truck inside the den, with large pieces of the sheet rock ripped from the walls. Photographs show furniture, lamps, tables, bookcases, and other items in the den destroyed. The exhibits show items, *e.g.*, a cutting bar, et cet-

---

3. In *Elomary,* the Court of Criminal Appeals stated the following when discussing a situation in which the only evidence presented was from a lay witness: "[W]e also do not disagree with [the *Sebree* court's] holding that 'an estimate of dam-age or an opinion on the amount of damage *without further evidence* is insufficient to prove the cost of repairs as required by sec. 28.06(b) of the Texas Penal Code.'" *Elomary,* 796 S.W.2d at 193.

era, in the kitchen, as well as items in the bathroom, including glass, et cetera, that were also destroyed. Officer Cates testified that based on these exhibits and his personal knowledge, there was an extensive amount of damage. Further, Officer Baker testified that the house had extensive damage. The photographs demonstrated that the truck destroyed the wall between the kitchen and the den and showed the crumbled wall. An officer testified as to the exposed gas pipes and water lines and how he had to cut off the gas and water.

We apply the familiar test from *Jackson v. Virginia* and conduct a legal sufficiency review:

> In determining whether a conviction was supported by sufficient evidence, we view the evidence presented in the light most favorable to the verdict. The critical inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard places full responsibility on the trier of fact to weigh the evidence, to resolve conflicts in the testimony, and to draw reasonable inferences from basic to ultimate facts. If there is evidence to establish the defendant's guilt beyond a reasonable doubt, and the jury believes the evidence, the appellate court cannot reverse the judgment on an evidence point.

*Mayfield v. State,* 906 S.W.2d 46, 48 (Tex. App.—Tyler 1995, pet. ref'd) (citations omitted); *see Jackson,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). After reviewing all the evidence, including the photographs, we conclude that any rational juror would be convinced beyond a reasonable doubt that such extensive damage would cost in excess of $750 to repair. The errors were therefore harmless. We overrule points of error one and two.

We affirm the judgment of conviction.

En banc review requested by COHEN, J. Tex. R. App. P. 100(f).

SCHNEIDER, C.J., and COHEN, HUTSON–DUNN, MIRABAL, WILSON, HEDGES and TAFT, JJ., voted for en banc review.

O'CONNOR and ANDELL, JJ., voted against en banc review.

O'CONNOR and ANDELL, JJ., dissent.

ANDELL, Justice, dissenting.

I respectfully dissent.

The majority agrees *Elomary v. State* and *Sebree v. State* conclude that *expert* testimony is required in a criminal mischief case to establish the fair market value of the cost of repairs to the damaged property. *Elomary v. State,* 796 S.W.2d 191, 193 (Tex.Crim.App. 1990); *Sebree v. State,* 695 S.W.2d 303, 305 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *see* TEX. PENAL CODE ANN. § 28.06(b) (Vernon 1994). The majority also agrees (1) Robert Walker's experience as a property investor does not qualify him as an expert witness on repairing or restoring the house and (2) Wyleta Tarwater–Nixon's testimony, concerning the amount of the estimate she received to repair the damage to the house, was inadmissible hearsay. Unable to locate any admissible *expert* testimony to establish the fair market value of the cost of repairs, the majority proceeds to conduct a harmless error analysis.

I do not agree that *Elomary* and *Sebree* can be distinguished as the majority attempts to do. Both the Court of Criminal Appeals and this Court have interpreted Penal Code section 28.06(b) to require *expert* testimony to establish the fair market value of the cost of repairs to the damaged property. While I agree that common sense dictates that it would cost at least $750 to repair the damage shown in the photographs, this evidence and the testimony of the police officers do not constitute the required *expert* testimony. There is simply no evidence in this case to establish the fair market value of the cost of repairs to the house in the manner required by law.

I would conclude that the trial court's errors were harmful because the erroneously admitted testimony was the only evidence of a necessary element of the offense. *See* TEX.R.APP.P. 81(b)(2). There is some evidence of the cost of repairs to the house, however, albeit inadmissible hearsay, so appellant would not be entitled to an acquittal.

*See, e.g., Fuller v. State,* 827 S.W.2d 919, 931 (Tex.Crim.App.1992). I would therefore reverse the trial court's judgment and remand the cause for a new trial.

Accordingly, I dissent.

O'CONNOR, J., joins this dissenting opinion.