TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00866-CV






In the Matter of Y. S.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-19,144, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 After concluding that Y.S. marked a park picnic table with a blue indelible marker,
causing pecuniary loss of $500 or less, the trial court adjudicated him delinquent and ordered him
to serve nine months' probation in the custody of his mother and pay restitution. See Tex. Fam.
Code Ann. § 51.03 (West Supp. 2000); Tex. Penal Code Ann. § 28.08 (West Supp. 2000). Y.S.
raises three issues on appeal. We will affirm.

 Officer Randy Hunt, a City of Austin Parks and Recreation Department police
officer, testified that on January 15, 1999, he observed several people, some of whom he
recognized as members of the Crip gang, congregating around a picnic table in Gillis Park. As
Officer Hunt approached the group, he observed Y.S. sitting at one end of the table. Y.S. had 
his hands on the table and appeared to be writing. When Hunt reached the table, he found freshly
applied gang graffiti written with blue markers. Hunt retrieved a blue marker of the same color
as the markings on the table from Y.S.'s shirt pocket.


 Section 28.08 provides that a person commits an offense if, without the effective
consent of the owner, the person intentionally or knowingly makes markings, including
inscriptions, slogans, drawings, or paintings, on the tangible property of the owner with an
indelible marker. Tex. Penal Code Ann. § 28.08(a)(2). An offense is a Class B misdemeanor
if the amount of the pecuniary loss is less than $500. Id. § 28.08(b)(1). The amount of pecuniary
loss is determined by the cost of repairing or restoring the damaged property. Tex. Penal Code
Ann. § 28.06(b) (West 1994). Y.S. does not challenge the finding that he committed the offense. 
He only challenges the State's proof of the amount of pecuniary loss.

 In his first issue, Y.S. contends that the trial court erred in admitting testimony of
a non-expert to establish the amount of the pecuniary loss. Y.S. argues that Officer Hunt lacked
the expertise to estimate the damage. Whether a witness possesses the required qualifications is
a question which rests largely in the trial court's discretion, and we will not disturb the decision
to admit or exclude the testimony absent a clear abuse of discretion. Alvarado v. State, 912
S.W.2d 199, 215-16 (Tex. Crim. App. 1995). The test for the admissibility of expert testimony
includes three factors: (1) the expert must be qualified by knowledge, skill, expertise, training
or education; (2) the subject matter of the testimony must be an appropriate one for expert
testimony; and (3) the expert's testimony must assist the trier of fact to understand the evidence
or decide a fact. Id.

 An expert's knowledge or experience pertaining to a relevant issue must exceed that
of an average juror. Zinger v. State, 899 S.W.2d 423, 431 (Tex. App.--Austin 1995), rev'd on
other grounds, 932 S.W.2d 511 (Tex. Crim. App. 1996). No rigid formula determines whether
a particular witness qualifies to testify as an expert. Matson v. State, 819 S.W.2d 839, 851 n.10
(Tex. Crim. App. 1991).

 Unlike the cases cited by Y.S., this is not a case of a lay person merely giving his
personal opinion of what the amount of damage might be. See Elomary v. State, 796 S.W.2d
191,193-94 (Tex. Crim. App. 1990). Hunt testified that he had been patrolling Gillis Park for
more than three years, was familiar with gang graffiti, and had found graffiti in Gillis Park before
this incident. Officer Hunt testified that the City of Austin contracts with an individual for graffiti
removal on city property. According to Hunt, the individual charges on a per square foot basis
for removal. He testified that the damage can be calculated by measuring the square footage of
the damaged surface multiplied by the per square foot figure charged by the contractor. He
testified that he knew the calculation used to determine damage to City property, and once he
measured the square footage of property damaged, he could calculate the damage estimate. Over
Y.S.'s objection, Officer Hunt then testified that the damage estimate for graffiti removal from
the picnic table in Gillis Park was less than $100.

 Officer Hunt had experience with gang graffiti and had knowledge of the
calculation of costs required for its removal. Expert testimony is required to establish cost of
repair to damaged property. See Nixon v. State, 937 S.W.2d 610, 612 (Tex. App.--Houston [1st
Dist.] 1996, no pet.). Hunt's testimony would assist the trier of fact in understanding the amount
of damage to the picnic table. Accordingly, we conclude that the trial court did not err in
admitting Officer's Hunt's testimony on the damage estimate. We overrule Y.S.'s first issue.

 Y.S. argues in his second issue that the evidence presented on the amount of the
pecuniary loss is insufficient to prove the cost of repairs. Because Y.S. does not indicate whether
he makes a legal or factual sufficiency challenge, we will review the evidence under both
standards. We review the legal sufficiency of the evidence in the light most favorable to the
verdict. Flournoy v. State, 668 S.W.2d 380, 383 (Tex. Crim. App. 1984). The relevant question
is whether after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 324 (1979); Anderson v. State, 701 S.W.2d 868, 872 (Tex.
Crim. App. 1985). A factual sufficiency review asks whether a neutral review of all the evidence,
both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak
or so greatly outweighed by contrary proof as to undermine confidence in the jury's
determination. See Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9,
2000). A verdict may be set aside only if a finding of guilt beyond a reasonable doubt is clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 Y.S. contends that the State only offered evidence of the "damage estimate" and
failed to offer evidence of "cost of repair" as required by section 28.06(b). While we agree that
section 28.06(b) requires the State to prove cost of repair, it is possible to show that the damage
estimate and the cost of repair are synonymous. See Sebree v. State, 695 S.W.2d 303, 305 (Tex.
App.--Houston [1st Dist.] 1985, no pet.). We think in this case the State properly connected the
damag estimate to the cost of repair. Hunt explained that: 

The City of Austin Parks and Recreation Department currently has a contract with
an individual who makes estimates for the City on graffiti damage, calculates and
submits his inventory to and all estimates of damage to the City and then when he
cleans up the mess, they pay him. He has a set amount for -- I believe it is so much
for the first square feet (sic) and so much thereafter for each other square foot.



There was no evidence that the price varied based on anything other than the size of the surface
damaged with graffiti. For example, there was no evidence that the type of substance used to
mark city property or the location of the graffiti affected the removal price. According to Hunt,
the contractor charged a fixed amount to calculate the damage estimate. With knowledge of the
size of the graffiti, the damage estimate could be calculated. The City pays the contractor based
on his estimate and without further negotiation of the rate. Thus, in this case, the "damage
estimate" equates to the actual cost of repair.

 Turning to the sufficiency of the evidence, we note that the State only had to prove
that the cost of repairs would be greater than one cent and less than $500. See Tex. Penal Code
Ann. § 28.08(b)(1) (West Supp. 2000). Officer Hunt testified that the damage estimate was less
than $100. In addition, the State presented photographs of the picnic table depicting the gang
graffiti. We conclude that any rational juror would be convinced beyond a reasonable doubt that
such extensive damage would cost more than one cent and less than $500 to repair. See Nixon,
937 S.W.2d at 613 (without expert testimony of fair market value of cost of repairs, photographs
and other evidence of damage supports cost of repairs). Because any rational trier of fact viewing
this evidence in the light most favorable to the prosecution could have found the elements of the
crime beyond a reasonable doubt, we conclude that the evidence is legally sufficient to support
the judgment. In addition, because the evidence of guilt is not so greatly outweighed by contrary
proof as to undermine the confidence in the fact finder's determination, we conclude that the
evidence is factually sufficient to support the judgment. We overrule Y.S.'s second issue.

 In his third issue, Y.S. argues that the trial court erred in allowing a witness
without personal knowledge to give inadmissible hearsay testimony regarding the amount of
pecuniary loss. Hunt testified that he had personal knowledge of calculating the damage estimate. 
He further testified that once he measured the square footage of damaged property, he could
determine the estimate of damage. We conclude such testimony is not based on hearsay but based
on personal knowledge. The trial court did not err in admitting the testimony of Officer Hunt. 
We overrule Y.S.'s third issue.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish



 the
verdict. Flournoy v. State, 668 S.W.2d 380, 383 (Tex. Crim. App. 1984). The relevant question
is whether after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 324 (1979); Anderson v. State, 701 S.W.2d 868, 872 (Tex.
Crim. App. 1985). A factual sufficiency review asks whether a neutral review of all the evidence,
both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak
or so greatly outweighed by contrary proof as to undermine confidence in the jury's
determination. See Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9,
2000). A verdict may be set aside only if a finding of guilt beyond a reasonable doubt is clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 Y.S. contends that the State only offered evidence of the "damage estimate" and
failed to offer evidence of "cost of repair" as required by section 28.06(b). While we agree that
section 28.06(b) requires the State to prove cost of repair, it is possible to show that the damage
estimate and the cost of repair are synonymous. See Sebree v. State, 695 S.W.2d 303, 305 (Tex.
App.--Houston [1st Dist.] 1985, no pet.). We think in this case the State properly connected the
damag estimate to the cost of repair. Hunt explained that: 

The City of Austin Parks and Recreation Department currently has a contract with
an individual who makes estimates for the City on graffiti damage, calculates and
submits his inventory to and all estimates of damage to the City and then when he
cleans up the mess, they pay him. He has a set amount for -- I believe it is so much
for the first square feet (sic) and so much thereafter for each other square foot.



There was no evidence that the price varied based on anything other than the size of the surface
damaged with graffiti. For example, there was no evidence that the type of substance used to
mark city property or the location of the graffiti affected the removal price. According to Hunt,
the contractor charged a fixed amount to calculate the damage estimate. With knowledge of the
size of the graffiti, the damage estimate could be calculated. The City pays the contractor based
on his estimate and without further negotiation of the rate. Thus, in this case, the "damage
estimate" equates to the actual cost of repair.

 Turning to the sufficiency of the evidence, we note that the State only had to prove
that the cost of repairs would be greater than one cent and less than $500. See Tex. Penal Code
Ann. § 28.08(b)(1) (West Supp. 2000). Officer Hunt testified that the damage estimate was less
than $100. In addition, the State presented photographs of the picnic table depicting the gang
graffiti. We conclude that any rational juror would be convinced beyond a reasonable doubt that
such extensive damage would cost more than one cent and less than $500 to repair. See Nixon,
937 S.W.2d at 613 (without expert testimony of fair market value of cost of repairs, photographs
and other evidence of damage supports cost of repairs). Because any rational trier of fact viewing
this evidence in the light most favorable to the prosecution co