COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-102-CR
 
RODNEY L. RICH           
           
           
           
               
APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
    STATE
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
       
Rodney L. Rich appeals from his convictions for burglary of a habitation and
aggravated assault with a deadly weapon. In three points, appellant complains
that the trial court erred by denying his request to question the venire members
regarding their interpretation of the term reasonable doubt and by denying his
request to impeach the victim's credibility with evidence that she approached
him during the trial. We will affirm.
       
The victim, Shauna Bess, was appellant's estranged common-law wife and the
mother of his four children. At the time of the assault, he and Shauna were not
sharing a residence. Therefore, appellant did not have a key to her residence.
       
In the early morning hours before the assault, appellant's mother called Shauna
and warned her that appellant was probably on his way over to her house.
Appellant had gone to a club with his mother and had become intoxicated. When he
arrived at Shauna's residence, he ran into her vehicle parked in the driveway.
He proceeded to the front door. Because she would not let him inside, appellant
kicked open the door, splintering the door jam.
       
In an effort to keep him calm, Shauna tried to keep him talking. About an hour
after his arrival, he told her that he wanted to get a glass of water. When he
returned from the kitchen, he attacked her with a knife. In all, he stabbed her
approximately six times. At least one of the blows punctured a lung.
       
Appellant told Shauna that he was going to take her to the woods and cut her up
into pieces and then burn them. He then forced her at knife point into his
truck. After he punctured the tires on her car, Shauna got out of the truck and
ran across the street. A neighbor took Shauna into her house and called 9-1-1.
Appellant fled the scene.
       
When the police arrived, appellant had returned to the residence. He and their
oldest son were walking toward his vehicle. Ignoring the police, appellant got
into his truck and started the engine. To prevent him from leaving, one of the
officers smashed out the driver's side window. Appellant still drove away. He
stopped about a half of a mile from the residence and was taken into custody.
       
In his first point, appellant complains that the trial court erred by refusing
to allow him to question the venire members regarding their interpretation of
the term reasonable doubt. He contends that this error prevented him from
properly utilizing his peremptory strikes.
       
The State contends that appellant waived the error by failing to present a
timely bill of exceptions. To preserve error for appellate review, the record
must reflect a ruling that appellant wishes to challenge and a question that the
trial judge did not allow to be answered. Sells v. State, No. 73993,
slip op. at 8, 2003 WL 1055328, at *4 (Tex. Crim. App. Mar. 12, 2003); Caldwell
v. State, 818 S.W.2d 790, 794 (Tex. Crim. App. 1991), overruled on
other grounds by Castillo v. State, 913 S.W.2d 529 (Tex. Crim. App. 1995).
Thus, defense counsel must have either asked the question of the venire members
or caused the record to reflect what question he would have asked if permitted. Caldwell,
818 S.W.2d at 794.
       
In this case, during voir dire, appellant asked a prospective juror, "What
does 'reasonable doubt' mean to you?" When the State objected to the
question, appellant asked the trial judge if he could "inquire to the jury
as to what their concept of beyond a reasonable doubt is." The trial judge
denied appellant's request and noted his objection to the ruling. Because the
question appellant sought to ask is reflected in the record, appellant properly
preserved error for our review.
       
A trial court abuses its discretion when it denies defense counsel the right to
ask prospective jurors a proper question because it prevents the defendant from
intelligently exercising his peremptory strikes. Barajas v. State, 93
S.W.3d 36, 38 (Tex. Crim. App. 2002); Smith v. State, 703 S.W.2d 641,
643 (Tex. Crim. App. 1985). The State concedes that appellant in this case was
entitled to question prospective jurors about their definition of reasonable
doubt. See Woolridge v. State, 827 S.W.2d 900, 906 (Tex. Crim. App.
1992) (holding that appellant was entitled to question the venire regarding
reasonable doubt). We agree.
       
When a trial court abuses its discretion by refusing to allow a defendant to ask
a proper question during voir dire, we must conduct a harm analysis under Texas
Rule of Appellate Procedure 44.2. Gonzales v. State, 994 S.W.2d 170,
171 (Tex. Crim. App. 1999); Cena v. State, 991 S.W.2d 283, 283 (Tex.
Crim. App. 1999). The court of criminal appeals' only word on analyzing harm in
the voir dire context under Rule 44.2 comes from Jones v. State, 982
S.W.2d 386 (Tex. Crim. App. 1998), cert. denied, 528 U.S. 985 (1999).
We are, therefore, bound to follow this opinion. Cena, 991 S.W.2d at
284 (Meyers, J., concurring).
       
Rule 44.2 of the Texas Rules of Appellate Procedure provides the standard for
determining reversible error in criminal cases. Tex. R. App. P. 44.2. If the
appellate record reveals constitutional error, the court of appeals must reverse
the judgment or conviction unless it determines beyond a reasonable doubt that
the error did not contribute to the conviction or punishment. Tex. R. App. P.
44.2(a). Otherwise, the court of appeals must disregard the error unless it
affects the appellant's substantial rights. Tex. R. App. P. 44.2(b).
       
In Jones, the court of criminal appeals held that voir dire error
amounts to constitutional error "[o]nly in very limited
circumstances." Jones, 982 S.W.2d at 391. The court then
identified the following as errors of constitutional magnitude: (1) "when a
juror is erroneously excused because of general opposition to the death
penalty" and (2) when a juror is excluded for an "impermissible"
reason "such as race, sex, or ethnicity." Id. If the error is
not constitutional, then we must analyze the harm under Rule 44.2(b). See
Tex. R. App. P. 44.2(b).
       
Because the trial court's error in this case does not fall within the "very
limited circumstances" identified in Jones as amounting to
constitutional error, the harm analysis of Rule 44.2(b) applies. 982 S.W.2d at
391.
       
Under Rule 44.2(b), we must disregard the error unless it affects a substantial
right. Tex. R. App. P. 44.2(b). A substantial right is affected when the error
has a substantial and injurious effect or influence in determining the jury's
verdict. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).
       
In cases involving the erroneous prohibition of proper questioning of individual
prospective jurors, the Texas Court of Criminal Appeals has employed the same
harm analysis applied to the erroneous denial of a defendant's challenge for
cause. Anson v. State, 959 S.W.2d 203, 204 (Tex. Crim. App. 1997), cert.
dism'd, 525 U.S. 924 (1998). Under this harm standard, voir dire error is
deemed harmful when the defendant: (1) exhausts all his peremptory challenges;
(2) requests additional peremptory challenges; (3) has this request denied; and
(4) identifies an objectionable person seated on the jury on whom he would have
exercised a peremptory challenge. Id.
       
The record does not indicate whether or not appellant exhausted all of his
peremptory challenges, and appellant does not claim that he did. The record does
show, however, that appellant did not request additional peremptory challenges.
Therefore, appellant was not harmed by the trial court's error. Appellant's
first point is overruled.
       
In his second and third points, appellant contends that the trial court erred in
refusing to allow him to present impeachment evidence at the guilt/innocence and
punishment phases of the trial. Appellant's cousin testified outside the
presence of the jury that the victim approached appellant and his family during
a break on the third day of trial and handed appellant's mother some pictures of
the children. When appellant's family members would not respond to her, she told
appellant that he did not "need to treat [her] this way." Appellant
then accused her of lying to the court about pulling a knife on him on the
morning of the assault. In response, the victim allegedly stated, "But look
at what you have done to me." Appellant contends that this testimony
impeached the victim's credibility because it contradicts her testimony that he
initiated the assault and that she was afraid of him on the morning of the
assault. The trial court refused, however, to allow the testimony to be
presented to the jury because the testimony did not contradict the victim's
testimony and the fact that the victim had approached him during a break in the
trial was not relevant to show that she was not afraid of him on the morning of
the attack. At the punishment hearing, appellant again moved to introduce
testimony regarding the encounter as "mitigation" evidence. The trial
court denied his request, finding that the testimony was not relevant to the
issue of punishment.
       
After reviewing the record, it is clear that this evidence does not impeach the
victim's testimony that appellant initiated the assault or that she was afraid
of him on the morning of the offense. Therefore, we overrule appellant's second
and third points.
       
Accordingly, we affirm the trial court's judgment.
 
           
           
           
           
           
JOHN CAYCE
           
           
           
           
           
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
WALKER, JJ.
 
PUBLISH
DELIVERED: June 19, 2003