IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1275-03






RODNEY L. RICH, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY
 





Holcomb, J., filed a dissenting opinion, in which Meyers, J., joined.




 I respectfully dissent. The trial court's error in prohibiting appellant from asking the venire
members a proper question was, under binding precedent, an error of constitutional dimension, (1) and
it is therefore inappropriate for this Court to remand the case to the court of appeals for a harm
analysis under Texas Rule of Appellate Procedure 44.2(b), which is our harmless error rule for non-constitutional errors. For this Court to remand this case for a harm analysis under Rule 44.2(b) will
only serve to compound the errors already committed by the courts below. Such a remand will
mislead the court of appeals and the parties, not to mention the general bench and bar, as to the true
nature of this type of voir dire error. This unhappy situation has arisen because the majority has
unwisely restricted its analysis to the somewhat incomplete argument presented in appellant's
petition for discretionary review. I would decide this case correctly, without being constrained by
the literal terms of the grant of review, as our precedents allow. (2) Furthermore, I would conduct a
proper harm analysis myself under Texas Rule of Appellate Procedure 44.2(a), rather than keeping
this case in further appellate orbit by remanding it to the court of appeals, and I would affirm in part
and reverse in part the judgment of the court of appeals.

The Relevant Facts


 In late November of 2000, a Tarrant County grand jury presented an indictment that charged
appellant with several felony offenses, including aggravated assault and burglary. See Tex. Pen.
Code §§ 22.02(a)(2) and 30.02(a)(1) & (3). The State later brought appellant to trial under the
indictment. During voir dire, appellant asked for the opportunity to question the venire members on
their understanding of the term "beyond a reasonable doubt," i.e., the State's burden of proof. 
Although appellant's proposed voir dire question was, under our holding in Woolridge v. State, 827
S.W.2d 900 (Tex.Crim.App. 1992), a proper question, the trial court denied him the opportunity to
ask it.

 At the guilt stage of trial, the complainant, appellant's estranged common-law wife, testified
that, on October 29, 2000, at approximately 2:00 a.m., appellant forced his way into her Forest Hill
home and, after a brief exchange, stabbed her several times with a kitchen knife. Appellant took the
stand in his defense and testified that, at the time in question, the complainant voluntarily allowed
him into her home and that shortly after she did so she actually attacked him with a kitchen knife. 
Appellant testified further that he wrested the knife away from the complainant and then stabbed
her with it. On cross-examination, appellant admitted that he stabbed the complainant out of anger
and not out of fear for his own safety.

 At the close of the evidence, the trial court instructed the jury on the various offenses charged
in the indictment, as well as certain lesser included offenses. In addition, the trial court, apparently
out of an abundance of caution, instructed the jury on the law of self-defense as applied to each of
the charged offenses, even though the record evidence did not raise the issue of self-defense. See
Tex. Pen. Code § 9.32(a).

 The jury found appellant guilty of aggravated assault and burglary and assessed his
punishment at imprisonment for eleven years for the aggravated assault and imprisonment for five
years, probated, for the burglary. The trial court rendered judgment accordingly.

 On direct appeal, appellant argued, and the State conceded, that the trial court erred in
prohibiting appellant's proposed voir dire question concerning the State's burden of proof. The State
insisted, though, that the trial court's error was harmless because "[a]ppellant took the stand [and]
admitted committing the aggravated assault."

 The Second Court of Appeals rejected appellant's argument and affirmed the judgment of
the trial court. Rich v. State, 114 S.W.3d 54 (Tex.App.-Fort Worth 2003). Although the court of
appeals agreed with appellant that the trial court erred in prohibiting the proposed voir dire question,
the court of appeals held that the trial court's error was harmless under Texas Rule of Appellate
Procedure 44.2(b):

 "In Jones [v. State, 982 S.W.2d 386 (Tex.Crim.App. 1998)], the court of
criminal appeals held that voir dire error amounts to constitutional error "[o]nly in
very limited circumstances." Jones, 982 S.W.2d at 391. The court then identified
the following as errors of constitutional magnitude: (1) "when a juror is erroneously
excused because of general opposition to the death penalty" and (2) when a juror is
excluded for an "impermissible" reason "such as race, sex, or ethnicity." Id. If the
error is not constitutional, then we must analyze the harm under Rule 44.2(b). See
Tex. R. App. Proc. 44.2(b).

 "Because the trial court's error in this case does not fall within the "very
limited circumstances" identified in Jones as amounting to constitutional error, the
harm analysis of Rule 44.2(b) applies. 982 S.W.2d at 391.

 "Under Rule 44.2(b), we must disregard the error unless it affects a substantial right. Tex.
R. App. Proc. 44.2(b). A substantial right is affected when the error has a substantial and injurious
effect or influence in determining the jury's verdict. Johnson v. State, 43 S.W.3d 1, 4
(Tex.Crim.App. 2001). 

 "In cases involving the erroneous prohibition of proper questioning of
individual prospective jurors, the Texas Court of Criminal Appeals has employed the
same harm analysis applied to the erroneous denial of a defendant's challenge for
cause. Anson v. State, 959 S.W.2d 103, 204 (Tex.Crim.App. 1997), cert. dism'd, 525
U.S. 294 (1998). Under this harm standard, voir dire error is deemed harmful when
the defendant: (1) exhausts his peremptory challenges; (2) requests additional
peremptory challenges; (3) has this request denied; and (4) identifies an objectionable
person seated on the jury on whom he would have exercised a peremptory challenge. 
Id.

 "The record does not indicate whether or not appellant exhausted all of his
peremptory challenges, and appellant does not claim that he did. The record does
show, however, that appellant did not request additional peremptory challenges. 
Therefore, appellant was not harmed by the trial court's error." Rich v. State, 114
S.W.3d 57-58.


 Appellant later filed a petition for discretionary review, arguing generally that "[t]he court
of appeals erred in failing to apply a proper harm analysis to this case." Appellant also argued, more
particularly, that the court of appeals erred in "apply[ing] a capital harm analysis to the instant case."

 We granted appellant's petition in order to determine whether the court of appeals erred in
its harm analysis. See Tex. R. App. Proc. 66.3(b).

Analysis


 In my view, the court of appeals made two errors. The court of appeals' first error was its
holding that the trial court's error was non-constitutional in nature when, in fact, the trial court's
error was clearly constitutional in nature. The right to an impartial jury guaranteed by the Sixth
Amendment to the United States Constitution includes within it the right to adequately voir dire
prospective jurors in order to identify and eliminate unqualified jurors. Morgan v. Illinois, 504 U.S.
719, 729 (1992); Franklin v. State, 138 S.W.3d 351, 354 (Tex.Crim.App. 2004). Furthermore, the
right to counsel guaranteed by Article I, § 10, of the Texas Constitution includes within it the right
to adequately voir dire prospective jurors "in order to intelligently and effectually exercise
peremptory challenges and challenges for cause." Ex parte McKay, 819 S.W.2d 478, 482
(Tex.Crim.App. 1990). See also Linnell v. State, 935 S.W.2d 426, 428 (Tex.Crim.App. 1996). 
Thus, when the trial court in this case denied appellant the opportunity to ask a proper voir dire
question, the trial court violated appellant's constitutional rights. Consequently, the harm, if any,
from the trial court's error must be assessed under Texas Rule of Appellate Procedure 44.2(a), the
harmless error rule for constitutional errors.

 The court of appeals' reliance on Jones v. State, 982 S.W.2d 386 (Tex.Crim.App. 1998), for
the proposition that the trial court's error was non-constitutional in nature, was misplaced. Our
discussion of voir dire error in Jones was, on its face, limited to situations in which a trial court
erroneously excuses a prospective juror. Id. at 391. That discussion has no application to the
situation here, in which the trial court erroneously denied a proper voir dire question.

 The court of appeals' second error, in my view, was in applying an Anson-type capital-style 
harmless error analysis to the trial court's error. In Anson v. State, 959 S.W.2d 203 (Tex.Crim.App.
1997), also a non-capital case, we held that a trial court's error in prohibiting the defendant from
asking a proper voir dire question of an individual venire member would be harmless beyond a
reasonable doubt unless the defendant (1) exhausted all of his peremptory strikes, (2) requested
additional peremptory strikes, (3) was denied additional peremptory strikes, and (4) identified an
objectionable person seated on the jury on whom he would have exercised a peremptory strike. Id.
at 204, fn. 3. Anson requires, in effect, that if a trial court, in a capital or a non-capital case,
erroneously denies the defendant the opportunity to ask a proper voir dire question of an individual
venire member, then the defendant must "remedy" that error by peremptorily striking the venire
member prophylactically and then asking for another peremptory strike to make up for the one
expended. However, the Anson rule does not logically apply to the situation in this case, in which
the trial court denied appellant the opportunity to ask a proper voir dire question of the entire venire. 
In this case, appellant's prophylactic use of a peremptory strike would not have "remedied" the trial
court's error, since the error extended to the entire venire. See Janecka v. State, 937 S.W.2d 456,
471, fn. 9 (Tex.Crim.App. 1996).

 In his petition for discretionary review, appellant did not complain of the court of appeals'
first error - i.e., the court of appeals' holding that the trial court's error was non-constitutional in
nature - and the majority, therefore, does not address it. But, in my view, if we are to decide this
case correctly, we must address both of the court of appeals' errors. Remanding this case to the court
of appeals for a harm analysis under Rule 44.2(b), when the trial court's error was plainly
constitutional in nature, will only confuse the situation and compound the errors of the courts below.

 There is no question that this Court has the power to decide a case without being constrained
by the literal terms of the grant of review, and, exercising our sound discretion, we have often done
just that. See G. Dix & R. Dawson, 43A Texas Practice: Criminal Practice and Procedure § 44.62
(2nd ed. 2001 & Supp. 2004), and cases cited therein.

 We could, of course, properly remand this case to the court of appeals for a proper harmless
error analysis under the correct legal standard, i.e., Rule 44.2(a). See Wallace v. State, 106 S.W.3d
103, 108 (Tex.Crim.App. 2003). My preference, however, would be for this Court to exercise its
sound discretion and perform the harmless error analysis itself. 

 After examining the record in this case, I conclude beyond a reasonable doubt that the trial
court's error did not contribute to appellant's conviction or punishment for the aggravated assault. 
Since appellant took the stand and admitted the aggravated assault, and since the record evidence
did not raise the issue of self-defense, any rational juror would have voted to convict and punish
appellant for the aggravated assault regardless of that juror's understanding of the State's burden of
proof. On the other hand, I cannot conclude beyond a reasonable doubt that the trial court's error
did not contribute to appellant's conviction for burglary. The evidence at trial concerning the alleged
burglary was in sharp conflict - the complainant testified that appellant entered her residence without
her consent, and appellant testified that the complainant voluntarily allowed him into her residence
- and I cannot say that any rational juror would have voted to convict appellant for burglary
regardless of that juror's understanding of the State's burden of proof. In my view, there is a
reasonable probability that one or more of the jurors who sat on appellant's jury voted to convict him
of burglary because they had a skewed understanding of the State's burden of proof.

 I would affirm the judgment of the court of appeals as it relates to appellant's conviction for
aggravated assault, I would reverse the judgment of the court of appeals as it relates to appellant's
conviction for burglary, and I would remand the case to the trial court for further proceedings.

DELIVERED APRIL 13, 2005

PUBLISH
1. See discussion, infra.
2. See discussion, infra.