IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1275-03






RODNEY L. RICH, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Keasler, J., delivered the opinion of the Court joined by Keller, P.J., and Price,
Womack, Hervey, and Cochran, JJ. Johnson, J., dissented. Holcomb, J., filed a
dissenting opinion joined by Meyers, J.



 During voir dire, the trial judge denied Rodney Rich's request to ask a proper question
of the venire. In assessing harm, the Court of Appeals relied on the test for individual voir
dire examinations. We conclude that this test does not apply when voir dire is conducted in
a group setting rather than individually. 

Factual and Procedural History

 Rich was charged with attempted capital murder, attempted murder, aggravated
assault, and burglary of a habitation. He pleaded not guilty and the case went to trial. During
voir dire, the following transpired:

[DEFENSE COUNSEL]: Mr. Downey, we've been talking a lot about beyond
a reasonable doubt. In other words, the State has to prove all the elements of
the offense beyond a reasonable doubt. What does "reasonable doubt" mean
to you?


PROSPECTIVE JUROR: Basically - 


[PROSECUTOR]: Judge, I'm going to object to him trying to get them to - 


THE COURT: I'll sustain the objection.


[DEFENSE COUNSEL]: In just a minute the Judge will give you some
instructions as to what beyond a reasonable doubt is.


[PROSECUTOR]: I think I'm going to object to that, because that's not the
law.


THE COURT: I agree. I'll sustain the objection. You will not be getting any
instructions from me as far as specifically what reasonable doubt is. You will
be given an instruction as to how you are to consider. Go ahead if you would,
please.


[DEFENSE COUNSEL]: Your Honor, am I allowed to inquire to the jury as
to what their concept of beyond a reasonable doubt is?


THE COURT: No.


[DEFENSE COUNSEL]: Very well, Your Honor. Please note our objection.


Court of Appeals

 On appeal, the State conceded, and the Court of Appeals found, that the trial judge
erred in not allowing Rich to ask a proper question of the venire. The appellate court found
the error harmless under Rule 44.2(b). (1) Citing Anson v. State, (2) the court held that "voir dire
error is deemed harmful when the defendant: (1) exhausts all his peremptory challenges; (2)
requests additional peremptory challenges; (3) has this request denied; and (4) identifies an
objectionable person seated on the jury on whom he would have exercised a peremptory
challenge." (3) Since Rich did not request any additional peremptory strikes, the Court of
Appeals concluded that he was not harmed by the error. (4)

 We granted Rich's petition for discretionary review, in which he argues that the Court
of Appeals failed to perform a proper harm analysis.

Analysis

 A trial judge's impermissible exclusion of a proper question during jury voir dire is
subject to a harmless error analysis. (5) The Court of Appeals found this to be non-constitutional error and applied Rule 44.2(b). Rich does not contest this conclusion, so we
assume that to be the proper rule.

 Under Rule of Appellate Procedure 44.2(b), we disregard all non-constitutional errors
that do not affect the appellant's substantial rights. A substantial right is affected "when the
error has a substantial and injurious effect or influence in determining the jury's verdict." (6)

 Rich argues that the Court of Appeals erred in applying "a capital harm analysis" to
this non-capital case. He explains that voir dire is conducted individually in capital
prosecutions, but in this case the venire was questioned at large.

 Rich errs in basing his argument on the difference between capital and non-capital
cases. Trial judges have discretion to order individual voir dire in any case. (7) Nevertheless,
we agree with Rich that the test in Anson is inapplicable to cases in which voir dire is
conducted in a group setting rather than individually. Rich was prevented from asking a
valid question to the entire venire. Exhausting his peremptory challenges and requesting
additional peremptory challenges would not have remedied the trial judge's error since the
error extended to the entire venire.

 Instead, a harm analysis in this instance should assess whether the defendant's
substantial rights were affected - that is, whether the error had a substantial and injurious
effect or influence in determining the jury's verdict. In the case of the erroneous admission
of evidence, we have said that the appellate court should consider everything in the record,
including any testimony or physical evidence admitted for the jury's consideration, the nature
of the evidence supporting the verdict, the character of the alleged error and how it might be
considered in connection with other evidence in the case, the jury instructions, the State's
theory and any defensive theories, closing arguments, voir dire, and whether the State
emphasized the error. (8) We believe these same general factors are relevant considerations in
determining the harm from being denied a proper question to the venire. 

Conclusion

 We reverse the judgment below and remand this case to the Court of Appeals to
conduct a proper harm analysis. 


DATE DELIVERED: April 13, 2005

PUBLISH

1. [1] Rich v. State, 114 S.W.3d 54 (Tex. App. - Fort Worth 2003).
2. [2] 959 S.W.2d 203 (Tex. Crim. App. 1997).
3. [3] Rich, 114 S.W.3d at 57-58.
4. [4] Id. at 58.
5. [5] Gonzales v. State, 994 S.W.2d 170, 171 (Tex. Crim. App. 1999); Cena v. State, 991
S.W.2d 283, 283 (Tex. Crim. App. 1999).
6. [6] Russell v. State, 2005 Tex. Crim. App. LEXIS 150, 6-7 (Tex. Crim. App. 2005).
7. Tex. Code Crim. Proc. Art. 35.17.
8. [8] Motilla v. State, 78 S.W.3d 352, 355-356 (Tex. Crim. App. 2002).