Castillo v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-541-CR

PATRICK JOHN CASTILLO APPELLANT

V.

THE STATE OF TEXAS STATE 

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Patrick John Castillo appeals his conviction for criminal mischief.  In four points, appellant complains that the trial court erroneously admitted the tape recording of the conversation between the 911 operator and the complainant, that the evidence is legally and factually insufficient to support the jury’s verdict, and that the court erroneously prohibited defense counsel from inquiring into the jury panel’s views on the meaning of reasonable doubt. We affirm.

Appellant allegedly became angry with the complainant, Terri Sargent, while they were driving their respective cars down the freeway.  Sargent testified that appellant rode her bumper, made gestures, forced her car onto the shoulder of the road, struck her from behind twice, and got out of his car and kicked and hit her car when the two of them eventually stopped.  He then drove away while Sargent waited for a police officer to arrive.  While the incident was occurring, Sargent called 911, provided the operator with appellant’s license plate number, and carried on a thirty-minute conversation with the operator.

In his first point, appellant contends that the trial court erroneously admitted the tape recording of the conversation between the 911 operator and Sargent because the 911 operator’s statements on the recording were inadmissible hearsay.  We disagree.  The statements of the 911 operator on the tape played to the jury were not hearsay because they were offered for the purpose of explaining how appellant became a suspect and not to prove the truth of the matters asserted.
(footnote: 2) Rule 801(d) of the Texas Rules of Evidence provides that hearsay “is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.”
(footnote: 3)  Out-of-court statements admitted to explain how a defendant became a suspect and not for the truth of the matter asserted, however, do not constitute inadmissible hearsay.
(footnote: 4)  Therefore, the trial court did not abuse its discretion in overruling appellant’s hearsay objection.

Appellant also objected to the 911 operator’s statements based on the Confrontation Clause of the Sixth Amendment, as interpreted by the United States Supreme Court in 
Crawford v. Washington.
(footnote: 5)  In 
Crawford
, the Supreme Court held that testimonial out-of-court statements by a witness are inadmissible unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness.
(footnote: 6)  The Confrontation Clause does not, however, bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.
(footnote: 7)  Because the 911 operator’s statements in this case were not admitted as substantive evidence, but only as background information showing how the defendant became a suspect,
(footnote: 8) the trial court did not abuse its discretion in admitting the 911 recording over appellant’s Confrontation Clause objections.  We overrule appellant’s first point. 

In points two and three, appellant contends that the evidence is legally and factually insufficient to support the jury’s verdict because the expert testimony used to establish the fair market value of the cost of repairs is unreliable.
(footnote: 9)  After the incident, Sargent took her car to Allen Samuels Dodge, where a professional damage repair estimator estimated the cost to repair the damage caused by appellant’s conduct.  The estimator, Clinton Newell, testified that the estimated cost to repair all the damage to Sargent’s car would be $1,663.10.  On cross-examination, Newell admitted that his estimate of the cost of repairs “could have been as much as eleven percent off,” that “the actual repair cost could have been more or less than $1,663.10,” and that the damage was “very minor.”  

To secure a conviction, the State was required to prove that the cost of repair for Sargent’s car was between $1,500 and $20,000.
(footnote: 10) The jury specifically found that the cost of repair was within that range.  In reaching its verdict, the jury was entitled to believe all, part, or none of Newell’s testimony.
(footnote: 11)  Although Newell conceded that the cost of repair might possibly have been below the statutory requirement for the offense charged, this mere possibility did not render evidence supporting the jury’s verdict insufficient.
(footnote: 12)  Further, Newell testified that it was his opinion that it would cost at least $1,663 to repair Sargent’s car correctly.  Whether viewed in a light most favorable to the verdict, or in a neutral light,
(footnote: 13) Newell’s testimony could have convinced a rational fact-finder beyond a reasonable doubt that the cost of repair was between $1,500 and $20,000.  Accordingly, we hold that the evidence is legally and factually sufficient to sustain appellant’s conviction.  We overrule appellant’s second and third points.  

In his fourth point, appellant claims the trial court erred in prohibiting defense counsel from inquiring into the jury panel’s views on the meaning of reasonable doubt.  During voir dire, defense counsel stated to the jury:

Proof beyond a reasonable doubt.  It is whatever you say it is, but if you get back in the jury room, I would submit to you that as you are all reasonable people and if you have a doubt, I would suggest to you that it is a reasonable doubt.

A defense attorney may question prospective jurors about what reasonable doubt means to them.
(footnote: 14)  Here, however, appellant’s counsel made no attempt to question the venire about their ideas on reasonable doubt.  Rather, counsel was attempting to give the venire his own views on reasonable doubt.
(footnote: 15)  Therefore, the trial court’s ruling did not prevent appellant’s counsel from ascertaining the jury panel’s views on reasonable doubt.  We overrule appellant’s fourth point.  

Having overruled all of appellant’s points, we affirm the trial court’s judgment.
  

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 November 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Most of the operator’s statements on the tape were made for the purpose of taking information, clarifying that information, requesting needed information, and then routing that information to the proper authorities.  Any statement the operator made regarding appellant’s conduct was made for the purpose of conversational expediency, encouraging Sargent to continue, and providing information sought by Sargent.  Although Sargent’s comments on the tape may have been offered to show why appellant acted in a certain way, appellant does not complain about the admission of her statements on the tape. 

3:
Tex. R. Evid.
 801(d). 

4: Dinkins v. State
, 894 S.W.2d 330, 347 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995); 
West v. State
, 121 S.W.3d 95, 105-06 (Tex. App.—Fort Worth 2003, pet. ref’d).  

5:
541 U.S. 36, 124 S. Ct. 1354 (2004).  Appellant does not complain about the admission of Sargent’s statements on the tape.

6:
Id.
, 124 S. Ct. at 1369.

7:
See id
. at n.9 (citing 
Tennessee v. Street
, 471 U.S. 409, 414, 105 S. Ct. 2078, 2082 (1985)).  

8:
See West
, 121 S.W.3d at 105-06.

9:
Appellant did not argue in the trial court that the expert’s testimony should not have been admitted because it was unreliable.  Therefore, he has forfeited his reliability complaint.
  
See 
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999)
.  Consequently, we only address the question of whether the evidence is legally and factually sufficient.

10:
See 
Tex. Penal Code Ann.
 § 28.03(b)(4)(A) (Vernon Supp. 2005).  We note that the cost of repair for damaged property controls what punishment may be assessed in a criminal mischief case.  
Elomary v. State
, 796 S.W.2d 191, 192 (Tex. Crim. App. 1990).  If expert testimony establishes the fair market value of the cost of repairs, there is no requirement that damaged property actually be repaired in order to prove cost.  
Id
. at 193-94; 
Nixon v. State
, 937 S.W.2d 610, 612 (Tex. App.—Houston [1st Dist.] no pet.)
. 

11:
See 
Tex. Penal Code Ann.
 § 28.03(b)(4)(A).

12:
See id
. 

13:
See 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (setting out the legal sufficiency standard of review)
;
 Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)
 (setting out the factual sufficiency standard)
.

14:
Rich v. State
, 114 S.W.3d 54, 57 (Tex. App.—Fort Worth 2003), 
rev’d on other grounds
, 160 S.W.3d 575 (Tex. Crim. App. 2005).  

15:
The court of criminal appeals has called the type of legal concept described by defense counsel a “useless” legal concept.  
See Paulson v. State
, 28 S.W.3d 570, 572 (Tex. Crim. App. 2000) (stating that saying a reasonable doubt is based on reason is similar to saying, “A white horse is a horse that is white”).