COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-541-CR

 

PATRICK JOHN CASTILLO                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE 

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

------------

Patrick John Castillo appeals his conviction for
criminal mischief.  In four points,
appellant complains that the trial court erroneously admitted the tape
recording of the conversation between the 911 operator and the complainant,
that the evidence is legally and factually insufficient to support the jury=s
verdict, and that the court erroneously prohibited defense counsel from
inquiring into the jury panel=s views
on the meaning of reasonable doubt. We affirm.








Appellant allegedly became angry with the
complainant, Terri Sargent, while they were driving their respective cars down
the freeway.  Sargent testified that
appellant rode her bumper, made gestures, forced her car onto the shoulder of
the road, struck her from behind twice, and got out of his car and kicked and
hit her car when the two of them eventually stopped.  He then drove away while Sargent waited for a
police officer to arrive.  While the
incident was occurring, Sargent called 911, provided the operator with
appellant=s license plate number, and
carried on a thirty-minute conversation with the operator.








In his first point, appellant contends that the
trial court erroneously admitted the tape recording of the conversation between
the 911 operator and Sargent because the 911 operator=s
statements on the recording were inadmissible hearsay.  We disagree. 
The statements of the 911 operator on the tape played to the jury were
not hearsay because they were offered for the purpose of explaining how
appellant became a suspect and not to prove the truth of the matters asserted.[2]
Rule 801(d) of the Texas Rules of Evidence provides that hearsay Ais a
statement, other than one made by the declarant while testifying at trial or
hearing, offered in evidence to prove the truth of the matter asserted.@[3]  Out‑of‑court statements admitted
to explain how a defendant became a suspect and not for the truth of the matter
asserted, however, do not constitute inadmissible hearsay.[4]  Therefore, the trial court did not abuse its
discretion in overruling appellant=s
hearsay objection.








Appellant also objected to the 911 operator=s
statements based on the Confrontation Clause of the Sixth Amendment, as
interpreted by the United States Supreme Court in Crawford v. Washington.[5]  In Crawford, the Supreme Court held
that testimonial out-of-court statements by a witness are inadmissible unless
the witness is unavailable and the defendant has had a prior opportunity to
cross-examine the witness.[6]  The Confrontation Clause does not, however,
bar the use of testimonial statements for purposes other than establishing the
truth of the matter asserted.[7]  Because the 911 operator=s
statements in this case were not admitted as substantive evidence, but only as
background information showing how the defendant became a suspect,[8]
the trial court did not abuse its discretion in admitting the 911 recording
over appellant=s Confrontation Clause
objections.  We overrule appellant=s first
point. 

In points two and three, appellant contends that
the evidence is legally and factually insufficient to support the jury=s
verdict because the expert testimony used to establish the fair market value of
the cost of repairs is unreliable.[9]  After the incident, Sargent took her car to
Allen Samuels Dodge, where a professional damage repair estimator estimated the
cost to repair the damage caused by appellant=s
conduct.  The estimator, Clinton Newell,
testified that the estimated cost to repair all the damage to Sargent=s car
would be $1,663.10.  On
cross-examination, Newell admitted that his estimate of the cost of repairs Acould
have been as much as eleven percent off,@ that Athe
actual repair cost could have been more or less than $1,663.10,@ and
that the damage was Avery minor.@  













To secure a conviction, the State was required to
prove that the cost of repair for Sargent=s car
was between $1,500 and $20,000.[10]
The jury specifically found that the cost of repair was within that range.  In reaching its verdict, the jury was
entitled to believe all, part, or none of Newell=s
testimony.[11]  Although Newell conceded that the cost of
repair might possibly have been below the statutory requirement for the offense
charged, this mere possibility did not render evidence supporting the jury=s
verdict insufficient.[12]  Further, Newell testified that it was his
opinion that it would cost at least $1,663 to repair Sargent=s car
correctly.  Whether viewed in a light
most favorable to the verdict, or in a neutral light,[13]
Newell=s
testimony could have convinced a rational fact-finder beyond a reasonable doubt
that the cost of repair was between $1,500 and $20,000.  Accordingly, we hold that the evidence is legally
and factually sufficient to sustain appellant=s
conviction.  We overrule appellant=s second
and third points.  

In
his fourth point, appellant claims the trial court erred in prohibiting defense
counsel from inquiring into the jury panel=s views on the meaning of reasonable doubt.  During voir dire, defense counsel stated to
the jury:

 

Proof beyond a reasonable
doubt.  It is whatever you say it is, but
if you get back in the jury room, I would submit to you that as you are all
reasonable people and if you have a doubt, I would suggest to you that it is a
reasonable doubt.

 

A defense attorney may question prospective
jurors about what reasonable doubt means to them.[14]  Here, however, appellant=s
counsel made no attempt to question the venire about their ideas on reasonable
doubt.  Rather, counsel was attempting to
give the venire his own views on reasonable doubt.[15]  Therefore, the trial court=s ruling
did not prevent appellant=s counsel from ascertaining the
jury panel=s views on reasonable
doubt.  We overrule appellant=s fourth
point.  








Having overruled all of appellant=s
points, we affirm the trial court=s
judgment.  

PER
CURIAM

 

PANEL F:    CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: November 10,
2005











[1]See Tex. R. App. P. 47.4.





[2]Most of the operator=s statements on the tape
were made for the purpose of taking information, clarifying that information,
requesting needed information, and then routing that information to the proper
authorities.  Any statement the operator
made regarding appellant=s conduct was made for
the purpose of conversational expediency, encouraging Sargent to continue, and
providing information sought by Sargent. 
Although Sargent=s comments on the tape
may have been offered to show why appellant acted in a certain way, appellant
does not complain about the admission of her statements on the tape. 





[3]Tex.
R. Evid.
801(d). 





[4] Dinkins v. State, 894 S.W.2d 330, 347
(Tex. Crim. App.), cert. denied, 516 U.S. 832 (1995); West v. State,
121 S.W.3d 95, 105-06 (Tex. App.CFort Worth 2003, pet. ref=d).  





[5]541 U.S. 36, 124 S. Ct.
1354 (2004).  Appellant does not complain
about the admission of Sargent=s statements on the tape.





[6]Id., 124 S. Ct. at 1369.





[7]See id. at n.9 (citing Tennessee
v. Street, 471 U.S. 409, 414, 105 S. Ct. 2078, 2082 (1985)).  





[8]See West, 121 S.W.3d at 105-06.





[9]Appellant did not argue
in the trial court that the expert=s testimony should not have been admitted because
it was unreliable.  Therefore, he has
forfeited his reliability complaint. 
See Tex. R.
App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S.
1070 (1999).  Consequently, we only address the question of
whether the evidence is legally and factually sufficient.





[10]See Tex.
Penal Code Ann.
' 28.03(b)(4)(A) (Vernon
Supp. 2005).  We note that the cost of
repair for damaged property controls what punishment may be assessed in a
criminal mischief case.  Elomary v.
State, 796 S.W.2d 191, 192 (Tex. Crim. App. 1990).  If expert testimony establishes the fair
market value of the cost of repairs, there is no requirement that damaged
property actually be repaired in order to prove cost.  Id. at 193-94; Nixon v. State,
937 S.W.2d 610, 612 (Tex. App.CHouston [1st Dist.] no pet.). 





[11]See Tex.
Penal Code Ann.
' 28.03(b)(4)(A).





[12]See id. 





[13]See Ross v. State, 133 S.W.3d 618, 620
(Tex. Crim. App. 2004) (setting out the legal sufficiency standard of review);
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) (setting out
the factual sufficiency standard).





[14]Rich v. State, 114 S.W.3d 54, 57 (Tex.
App.CFort Worth 2003), rev=d on other grounds, 160 S.W.3d 575 (Tex.
Crim. App. 2005).  





[15]The court of criminal
appeals has called the type of legal concept described by defense counsel a Auseless@ legal concept.  See Paulson v. State, 28 S.W.3d 570,
572 (Tex. Crim. App. 2000) (stating that saying a reasonable doubt is based on
reason is similar to saying, AA white horse is a horse that is white@).