**Robert O. SEBREE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–84–0500–CR, 01–84–0501–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1985.

Bob Chrane, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Bill Hawkins, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, COHEN and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

In a single non-jury trial, the appellant was convicted of the misdemeanor offenses of criminal mischief and assault. On the criminal mischief conviction, the appellant received punishment of 45 days confinement and a fine of $250.00. On the assault conviction, his punishment was assessed at one year in jail, probated, and a $250.00 fine.

In five grounds of error, the appellant alleges that the trial court erred in admitting hearsay, in finding him guilty because the evidence is insufficient on both of his convictions, in failing to hold that his conduct was justifiable as a matter of law, and in illegally convicting him twice for one act of conduct.

The state's evidence shows that the son of the appellant borrowed $50.00 from the complainant's husband. When the complainant and her twelve year old son went to the appellant's home to seek payment of the $50.00 from the appellant's son, an argument ensued and the appellant and his son pushed the complainant down their driveway to the complainant's car parked in the street. When the complainant started to enter her car, the appellant bent the door back against the fender, then slammed the door closed. When the complainant pulled forward and attempted to back up to turn her car around, the car motor stopped. When this occurred, the appellant walked to the side of the car, kicked in the driver's door and smashed his fist through the glass in the window on the driver's side. The complainant said that the appellant's fist went through the glass and struck her in the face.

Appellant testified that when the complainant came to his house, he asked her to leave, and when she said she was going to get her husband, he told her to get off his property and go get her husband.

In his first ground of error, the appellant states that the court erred in admitting hearsay testimony that complainant's car was damaged in the amount of $670.00. The appellant's objection at trial was "to the predicate premises." That is not the same objection that appellant is now alleging. The ground of error presented on appeal must be the same as the objection raised at trial. *Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex.Crim.App. 1976). Since the error presented on appeal is different from that raised at trial, it presents nothing for review.

Appellant's ground of error one is overruled.

In his second ground of error, appellant alleges that the evidence is not sufficient to support the conviction for criminal mischief because the evidence established only an estimate rather than the cost of repair which the statute requires.

The offense of criminal mischief is a Class A misdemeanor when the pecuniary loss is $200 or more but less than $750. Tex.Penal Code Ann. sec. 28.03(b)(3) (Vernon Supp.1985). If the property is damaged and may be repaired, as distinguished from a total loss and replacement, the manner of proof of pecuniary loss is to establish the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred. Tex.Penal Code Ann. sec. 28.06(b) (Vernon 1974).

In the instant case, the state proffered testimony by the complaining witness in two instances. In the first instance, the prosecutor asked, "How much damage was done to your car?" The complaining witness answered, "Six Hundred and seventy

dollars worth of damage." Defense counsel objected to this testimony on the basis that the witness had not been proven up as an expert. The court responded by stating, "I will take that into consideration when I hear the testimony." As far as we can ascertain from the record, the court never made a further ruling on the objection.

In the second instance, when the complaining witness was testifying on rebuttal, she described the physical damage done to her car, and then stated that she had taken her car to an automobile dealer where she received an estimate of the damages. Before she could testify as to the amount of the estimate, defense counsel objected stating, "We object to the predicate premises here." The court overruled the objection and the complaining witness testified that the estimate was $670. She then stated that she had the car repaired, but did not testify how much she paid for the repairs.

■ The evidence adduced by the state to support the conviction for criminal mischief speaks in terms of "damage" and "estimate of damage" rather than the statutory requirement of "cost of repairs." Although it is possible that evidence could show that damages and costs of repair are synonymous in certain circumstances, we are of the opinion that in the instant case the State has failed to prove that the two terms are synonymous. The evidence adduced by the state failed to connect the estimate of damages in any manner with the cost of repair. We do not agree with the appellant's contention that it was necessary for the state to establish what amount of money was paid or to identify who did the repairs and what repairs were done. To require this proof would enlarge upon the proof required by the statute and would place a burden upon the complaining witness or owner of the damaged property to have the property repaired before a conviction could be obtained. We hold that the statute does not require that property be repaired to establish the cost of repair as set forth in sec. 28.06(b). We further hold that an estimate of damage or an opinion on the amount of damage without further

evidence is insufficient to prove the cost of repair as required by sec. 28.06(b) of the Texas Penal Code. The appellant's ground of error two is sustained.

In his third and fourth grounds of error, the appellant contends that his conduct was justifiable in defense of persons and property as a matter of law. He contends, therefore, the evidence was not sufficient to support the conviction for assault. This contention is based upon the theory that the state has not disproved beyond a reasonable doubt the justification of defense of self, third persons, or property.

■ Once a defendant has produced evidence to raise a defense, the state is required to disprove that defense beyond a reasonable doubt. *Luck v. State*, 588 S.W.2d 371, 375 (Tex.Crim.App.1979). However, in order for an appellate court to hold as a matter of law that the accused acted in self-defense, the testimony on that issue must be uncontradicted. *Patton v. State*, 129 Tex.Cr.R. 269, 86 S.W.2d 774, 775 (1935). The general rule allows an appellate court to find self-defense as a matter of law if the testimony on that issue is uncontradicted, but it does not require that finding. The trial court as the trier of fact could reject appellant's testimony regarding self-defense. *Nelson v. State*, 573 S.W.2d 9, 12 (Tex.Crim.App.1978).

■ Appellant's defense is based on his testimony that the complainant hit him with her car and knocked him down, and he was afraid she would hit him again or hit one of the other persons or run into the house. Appellant is correct that this testimony is not directly contradicted. However, no other witness testified that he or she saw the complainant hit the appellant with her car. The appellant's daughter admitted she did not see the car hit her father or see her father fall and that she only heard about this action from others. A fourteen year old friend of appellant's family testified that appellant was hit and knocked down, but she was never questioned as to whether she saw this herself. Appellant's testimony was circumstantially

contradicted by testimony that the complainant's car never entered the driveway as far as the point where appellant says he was hit. Appellant has not established his defense as a matter of law.

We hold that there was sufficient evidence to support the conviction of assault and overrule the appellant's third and fourth grounds of error.

■ In his fifth ground of error, the appellant contends that his conviction should not stand because he received two punishments for one act and that this is a violation of the constitutional protection against double jeopardy.

Appellant admits his argument is contrary to present law, which is:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex.Crim.App.1980) (op. on reh'g), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982); *accord Ex parte Clay,* 675 S.W.2d 765 (Tex.Crim.App.1984); *Ex parte May,* 682 S.W.2d 326 (Tex.App.— Dallas 1984, pet. pending). In the instant case, the offenses required proof of different facts, and we decline to hold differently from the United States Supreme Court and the Texas Court of Criminal Appeals.

The appellant's ground of error number five is overruled.

The judgment of the trial court in cause no. 753,270 convicting the appellant of criminal mischief is reversed, and the case is remanded to the trial court with instructions to enter an order of acquittal.

The judgment of the trial court in cause no. 753,272 convicting the appellant of assault is affirmed.