NO.
12-06-00035-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

WILLIAM PATRICK DUDLEY,     §          APPEAL
FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW NO. 3 OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION

            Appellant
William Patrick Dudley was convicted of failing to stop and give information
after a motor vehicle accident, a class B misdemeanor.  In two issues, Appellant challenges the
sufficiency of the evidence to support his conviction and the trial court’s
admission of certain evidence.  We
affirm. 

 

Background

            On
October 3, 2005, Appellant was charged by information for failing to stop and
give information after a motor vehicle accident in Smith County, Texas.[1]  Appellant pleaded “not guilty” and elected to
have a jury decide his guilt or innocence.








            At
trial, the State first called April Puckett to testify.  Puckett said that between midnight and 1:00
in the morning on June 25, 2005, she was in Tyler, Texas, and was driving in a
westerly direction on Shiloh Road nearing the intersection with Copeland
Road.  In her mirror she saw a white Ford
work truck weaving and heading toward her. 
She swerved to avoid being hit, but was hit on the driver’s side toward
the rear of her vehicle.  Puckett turned
around and tried to follow the truck, but lost sight of it and stopped at an
apartment complex to call the police. 
Puckett testified that she had received an estimate that it would cost
$1,300.00 to repair her car.  Catlin
Owens was a passenger in her car and testified to substantially the same facts.

            Noe
Balderas, an officer with the Tyler Police Department, testified that he and
another officer were on patrol together when they heard a dispatch of the
accident on the police radio.  They were
within several blocks of the location of the accident and immediately proceeded
toward the intersection of Shiloh Road and Paluxy, the intersection just to the
east of the accident.  As they approached
a gasoline station at the intersection, Officer Balderas saw a white Ford F150
work truck run over the curb as it left the parking lot and then accelerate
away at a high rate of speed.  Because
that vehicle matched the description of the vehicle involved in the accident,
they followed it, observing that it was weaving in and out of traffic.  Officer Balderas said that the truck stopped
at the red light at the intersection of Shiloh Road and Highway 110.  Officer Balderas explained that they did not
initiate the police lights or siren at that time because they were concerned
the driver might run the red light and endanger himself and others.  

            After
the light turned green, the truck again accelerated at a high rate of
speed.  The officers initiated their
overhead lights and siren, but the truck continued to accelerate to the point
that the back end of the truck began to “fishtail.”  As the driver attempted to negotiate a sharp
bend in the road, he again lost control of the back end of his truck.  A semi–truck and trailer was traveling the
opposite direction on the same road.  The
driver of the semi was able to get to the side of the road to avoid the white
truck.  The driver of the white truck
swerved and narrowly missed the tractor of the semi.  He was not so fortunate when it came to the
trailer and he struck it, ending his flight from the officers.

            As
the officers approached the vehicle, Officer Balderas smelled gasoline that he
later learned was coming from a storage container in the rear of the
truck.  Appellant, the driver of the
truck, appeared to be unconscious and was eventually taken to the hospital.

            At
the conclusion of the guilt/innocence phase of the trial, the jury found
Appellant guilty as charged.  Appellant
elected to have the trial court assess punishment, and the court released the
jury.  Appellant had already accumulated
sufficient time in jail to satisfy the maximum sentence, and the trial court
assessed punishment at 180 days of confinement and a fine of $2,000.00.  This appeal followed.

Extraneous
Offenses

            In
his first issue, Appellant asserts that the trial court erred in allowing
witnesses to testify about the driving while intoxicated investigation and the
wreck with the semi, and that the court should have given instructions to the
jury explaining how to use this evidence.

            The
majority of this claim is waived.  In
order to present an issue for appellate review, the record must show that a
complaint was made to the trial court by a timely request, objection, or
motion.  See Tex. R. App. P. 33.1(a)(1).  Appellant did not object to the very limited
testimony about the driving while intoxicated investigation or request a
limiting instruction, and so those complaints are waived.  See id.; see also
Tex. R. Evid. 105(a).  Further, Appellant did not object to the
court’s charge, which omitted language instructing the jury that they could not
consider extraneous bad acts unless they believed beyond a reasonable doubt
that he committed the acts.  See Ex
parte Varelas, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001) (if requested,
a jury should be instructed that they are not to consider extraneous act
evidence unless they believe beyond a reasonable doubt that the defendant
committed that act).  Therefore, these
portions of this complaint are waived.

            Appellant
did object to testimony about the wreck with the semi on the ground that the
evidence was not relevant.  This is
sufficient to preserve a relevancy complaint, but is not sufficient to have
required the trial court to conduct a rule of evidence 403 balancing test,
which Appellant now complains was not done. 
See Alba v. State, 905 S.W.2d 581, 585–86 (Tex. Crim. App.
1995).  Nevertheless, evidence of
Appellant’s flight from the officers was relevant.  See id. at 586.  Furthermore, Appellant’s inability to
safely navigate the roadway after the officer saw him corresponds with the
testimony of Puckett and Owens that Appellant was swerving his vehicle in an
unsafe manner before the accident. 
Finally, the officer learned Appellant’s identity only after Appellant
had wrecked his truck.  In this context,
we conclude that the evidence of the police investigation after their response
to the call about the wreck was relevant and the trial court did not abuse its
discretion when it allowed the testimony. 
See Shuffield v. State, 189 S.W.3d 782, 787 (Tex.
Crim. App. 2006) (standard of review). 
We overrule Appellant’s first issue.

 

Sufficiency
of the Evidence

            In
his second issue, Appellant challenges the sufficiency of the evidence
supporting his conviction.  Specifically,
he contends that the evidence was insufficient to prove that he was the driver
of the truck that hit Puckett’s vehicle or that the damage to the vehicles was
more than $200.00. 

Standard of Review – Legal
Sufficiency








            The
Due Process Clause of the Fourteenth Amendment requires that evidence be
legally sufficient to sustain a criminal conviction.  Jackson v. Virginia, 443 U.S.
307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).  Evidence is legally sufficient when an
appellate court, viewing the evidence in the light most favorable to the
judgment, determines that a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993) (citing Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789).  The
conviction will be sustained “unless it is found to be irrational or
unsupported by more than a ‘mere modicum’ of the evidence.”  Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988).  The
jury is the exclusive judge of (1) the facts, (2) the credibility of the
witnesses, and (3) the weight to be given to the testimony of each
witness.  Barnes v. State,
876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Penagraph v. State,
623 S.W.2d 341, 343 (Tex. Crim. App. 1981). 
Any reconciliation of conflicts and contradictions in the evidence is
entirely within the jury’s domain.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  The jury is entitled to draw reasonable
inferences from the evidence.  Benavides
v. State, 763 S.W.2d 587, 588-89 (Tex. App.–Corpus Christi 1988, pet.
ref’d).  A successful legal sufficiency
challenge results in the rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

Applicable Law and Discussion








            As
charged, a person commits an offense if the person is involved in an accident
resulting in more than $200.00 in damage to a vehicle and he leaves the scene
of the accident without giving his name, address, and the registration number
to his vehicle to the owner of the other vehicle involved in the
collision.  Tex. Transp. Code Ann. § 550.022 (Vernon Supp. 2006).

            Appellant
does not contest that Puckett’s vehicle was struck or that the driver left
without leaving the requisite information. 
Rather he asserts that the proof of damages was insufficient and that
there was no proof that he was the driver. 
With respect to damages, Appellant complains that Puckett’s statement
that she had received an estimate of $1,300.00 to repair her car was unreliable
because of a lack of evidence as to who gave the estimate and that person’s
qualifications.  To the extent this is an
objection to the admission of the statement, it is waived for failure to make a
contemporaneous objection.  See Tex. R. App. P. 33.1(a)(1)(A).

            But
Appellant also complains that it is insufficient evidence on the issue of
damages.  He cites Elomary v. State,
796 S.W.2d 191, 193 (Tex. Crim. App. 1990) and Sebree v. State,
695 S.W.2d 303, 305 (Tex. App.–Houston [1st Dist.] 1985, no pet.) for the
proposition that there must be more than testimony of an estimate for there to
be sufficient evidence of the cost of repairs. 
Appellant is correct that the evidence on this point is less than
overwhelming.  The State simply asked
Puckett if she had obtained an “estimate to [sic] the amount of damages.”  She replied that she had and that it was for
$1,300.00.  The State did not elicit what
kind of damage was done to her car and did not even ask Puckett or any other
witness to describe the damage to her car. 
Puckett did testify that the impact from the collision jolted her.

            This
evidence would likely be inadequate under Elomary and Sebree,
but the question presented here is a different one.  The criminal mischief statute, to which those
cases pertain, requires proof of the cost to repair an item as a measure of
damages in certain circumstances.  See
 Tex.
Code Crim. Proc. Ann. art. 28.06(b) (Vernon Supp. 2006).  By contrast, the transportation code has no
such specific measure of damages for this offense.  See Hodges v. State, No. 05–99–01147–CR,
2000 Tex. App. LEXIS 5591, at *5 (Tex. App.–Dallas 2000, no pet.) (not
designated for publication).

            Accordingly,
we assume that the legislature did not intend for the criminal mischief “proof
of cost of repair” scheme to apply to the proof of damage for this type of
offense.  “Damages” in this context are
limited to damages to vehicles, but there are no other provisions contained in
the statute.  See Tex. Transp. Code Ann. §
550.022(c)(2).  Therefore, the requirements
of specificity for the proof of cost of repairs found in Elomary and
Sebree do not apply to this offense.

            In
this context, we hold that there was sufficient proof of damages in this
case.  Because of the way the State
offered its proof, this holding is premised on several conceptual
constructions.  The first is that the
term “estimate” was used by the witness in the way the term would be commonly
understood in the context of an automobile accident, that is, that a
professional reviewed the damage and that the amount given was a reasonable
estimate.  This is a risky proposition,
and one that we are willing to extend only so far.  In this case, it need only be extended so far
as $200.00 for the damages to two automobiles for an impact of sufficient force
that the occupants of one car were jolted. 
Although there was no evidence about repair of automobiles generally, a
jury would have at least some understanding of automobile repair and would
understand that when the legislature set the bar at $200.00, it meant to
include virtually all motor vehicle accidents in this part of the statute.  The second construction is that Puckett’s
testimony that she was jolted by the impact and that an estimate for $1,300.00
was obtained is an assertion, however oblique, that the car Puckett was driving
was damaged in some meaningful way. 
Because of the way the State presented its evidence, we can have very
little confidence that the cost of a professional repair for Puckett’s
automobile is, in fact, $1,300.00. 
However, this evidence is sufficient to allow a rational finder of fact
to conclude that more than $200.00 in damage was done to the two automobiles.

            The
evidence is also circumstantial with respect to identity.  No witness could identify Appellant as the
person who was driving the white work truck when it hit Puckett’s car.  Nevertheless, his white work truck was in the
immediate vicinity of the accident moments after it occurred, Appellant fled
from the police, the driving patterns he exhibited were similar to those
observed by Puckett, and the officer testified, without an objection, that a
caller was communicating with him through his radio dispatcher as the caller
was following Appellant down the road after the wreck.  Circumstantial evidence may be sufficient to
prove identity, and we hold that a rational jury could have concluded that
Appellant was the driver of the truck when it hit Puckett’s vehicle.  See Earls v. State, 707 S.W.2d
82, 85 (Tex. Crim. App. 1986).

Standard of Review – Factual
Sufficiency

            Appellant
has failed to specifically request that we review the factual sufficiency of
the evidence and has not cited any case law concerning the requested standard
of review.  The State argues, and at
least one court of appeals has agreed, that a general challenge to the
sufficiency of the evidence invokes only legal sufficiency review.  See Markey v. State, 996 S.W.2d
226, 229 (Tex. App.–Houston [14th Dist. 1999, no pet.).  Furthermore, the court of criminal appeals
has said that a court of appeals should only undertake a factual sufficiency
review if the issue is “properly raised.” 
Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App.
1996); see also Cardenas v. State, 30 S.W.3d 384, 386 n.2
(Tex. Crim. App. 2000) (conducting only legal sufficiency review where
appellant requested acquittal and did not adequately brief factual
sufficiency).  Appellant’s request to
review the evidence lacks a specific request for factual sufficiency review,
but he has asked this court to reverse his conviction and remand the matter for
further proceedings.  This requested
relief is arguably consistent with factual sufficiency review.  See Clewis, 922 S.W.2d at 133–34.  Therefore, we will review the factual
sufficiency of the evidence.

            When
evaluating the factual sufficiency of the evidence, we first consider all of
the evidence weighed by the jury that tends to prove the existence of the
elemental fact in dispute and compare it to the evidence that tends to disprove
that fact.  See Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis, 922 S.W.2d at 133, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).[2]  

            A
verdict will be set aside “only if the evidence supporting guilt is so
obviously weak, or the contrary evidence so overwhelmingly outweighs the
supporting evidence, as to render the conviction clearly wrong and manifestly
unjust.”  Ortiz v. State,
93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see also Sims v. State,
99 S.W.3d 600, 601 (Tex. Crim. App. 2003). 
A clearly wrong and manifestly unjust verdict occurs where the jury's
finding “shocks the conscience” or “clearly demonstrates bias.”  Zuniga, 144 S.W.3d at 481.  As the court of criminal appeals explained in
Zuniga, “There is only one question to be answered in a factual
sufficiency review:  Considering all of
the evidence in a neutral light, was a jury rationally justified in its finding
of guilt beyond a reasonable doubt?”  See
id. at 484.        

Discussion

            We
have reviewed the record in its entirety. 
In our evaluation we are mindful that we must not substantially intrude
upon the jury’s role as the sole judge of the weight and credibility of witness
testimony.  See Santellan,
939 S.W.2d at 164.  There is no
conflicting evidence in this case, although the State’s evidence is circumstantial
on both of the contested issues.  The
jury necessarily adopted the assumptions we discussed in the previous section
in reaching their verdict.  Our review of
the record as a whole, with consideration given to all of the evidence, both
for and against the jury’s finding, has not revealed to us any evidence causing
us to conclude that the proof of guilt is so obviously weak or is otherwise so
greatly outweighed by contrary proof as to render Appellant’s conviction
clearly wrong or manifestly unjust. 
Therefore, we hold that the evidence is factually sufficient to support
the jury’s verdict.  We overrule
Appellant’s second and third issues. 

 

Disposition

            We
affirm the judgment of the trial court.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered October 4, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Appellant was also charged with driving while
intoxicated arising from the same incident. 
That case was tried separately and we have affirmed his conviction in
that case.  See Dudley v. State,
No. 12–06–00017–CR, 2006 Tex. App. LEXIS 7960 (Tex. App.–Tyler Sept. 6, 2006,
no pet. h.) (not designated for publication).





[2] However, “contrary evidence does not have to
outweigh evidence of guilt; it has to be only enough to provide reasonable
doubt.”  Zuniga v. State,
144 S.W.3d 477, 483 (Tex. Crim. App. 2004).