NO. 07-07-0464-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 4, 2008

_____

O. C. HAWLEY, III, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-02-6354; HON. HAROLD PHELAN, PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, O. C. Hawley, III, appeals his conviction for burglary of a habitation by commission of a felony, criminal mischief, and subsequent sentence of 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice and fine of $10,000.  We affirm.

## Factual Background

On December 29, 2006, Ron Seigman, Jr., and his family were in their home. At approximately 5:00 A.M., Seigman woke up because a fan sitting close to the bed stopped working. After investigating, Seigman determined that the house did not have electrical power. While trying to ascertain the cause of the power outage, Seigman heard someone, later identified as appellant, trying to break into his house. Seigman gathered his family in a bathroom and locked the door. Seigman's wife called 911 on her cell phone. While waiting for the arrival of law enforcement, Seigman could hear someone ransacking his home. When the police arrived, they captured appellant. After return of an indictment alleging burglary of a habitation by commission of a felony, criminal mischief, the matter was tried to the court without a jury. Seigman videotaped the damage to the home and the tape was introduced into evidence at appellant's trial. Seigman testified that there was considerable damage to the house and that it had since been repaired. He further testified that a number of personal items and articles of clothing had been destroyed. Seigman testified as to the replacement value of the items destroyed. The trial court found appellant guilty of burglary of a habitation by commission of a felony, criminal mischief.

Appellant contends that the evidence is both legally and factually insufficient to sustain the judgment of the trial court. We disagree and affirm the trial court's judgment.

## Standard of Review

When both legal and factual sufficiency are attacked, we must first address the issue of legal sufficiency. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.

2

1996).  In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004).  In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

If the evidence is legally sufficient, we then review the factual sufficiency challenge.  Clewis, 922 S.W.2d at 133.  When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt.  See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006).  In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict.  See id. at 417.  As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict.  See id.  Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

3

Analysis

Appellant was convicted of burglary of a habitation by committing the felony offense of criminal mischief causing pecuniary damage to real or personal property in the amount of $1,500 or more but less than $20,000. See TEX. PENAL CODE ANN. §30.02(a)(3) (Vernon 1999).[1] The elements of criminal mischief are that a person, without the effective consent of the owner, damages or destroys the tangible property of the owner. See § 28.03. Criminal mischief is classified as a state jail felony if the amount of damage caused is $1,500 or more but less than $20,000. The amount of pecuniary loss is calculated pursuant to section 28.06. See § 28.06.

The record reflects that the owner, Seigman, testified about the damage inflicted on his home and that it was done without his effective consent. Further, the record reflects that damage was both to the structure, in the form of broken windows, window screens, walls and doors, other damage to interior, in the form of numerous blood stains, mud stains and debris throughout the home. In addition, there was testimony about articles of personal property and clothing that had been destroyed. As to each of these items, there was testimony about the repair, cleaning, or replacement costs. As to the structural damage, the testimony was that Seigman had received an estimate of $2,160 to complete the repairs. For the cleaning of the various stains and debris left in the home, Seigman testified that the charge was $1,612 to complete the cleanup. The evidence shows that the articles of personal property and clothing that were destroyed was valued at "a little

---

[1] Further reference to the Texas Penal Code will be by "§ ____."

over $2,500." Seigman subsequently testified that the total was $6,700 and, after he paid his $1,000 deductible under his homeowner's policy, the insurance company paid "about" $5,700. All of this testimony was received by the trial court without objection. If the values testified to by Seigman are added, the total is $6,272. After Seigman's payment of the $1,000 deductible, the record reflects that the insurance company paid $5,272.

In evaluating the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict. Ross, 133 S.W.3d at 620. Further, we give deference to the fact finder's reasonable inferences from the basic facts to the ultimate fact. See Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). When the evidence, as reflected above, is compared to the elements of the offense, in the light most favorable to the verdict, it is apparent that the State proved beyond a reasonable doubt that the pecuniary loss suffered by Seigman was $1,500 or more but less than $20,000. Accordingly, we cannot say the trial court acted irrationally, as the trier of fact, in finding appellant guilty beyond a reasonable doubt. Ross, 133 S.W.3d at 620.

Having found the evidence legally sufficient, we must now address the issue of the factual sufficiency of the evidence. Clewis, 922 S.W.2d at 133. While we view the evidence without the prism of in the light most favorable to the verdict, we must still give deference to the fact finder's determinations if supported by evidence. Watson, 204 S.W.3d at 417. Our review of the evidence in a neutral light compels the conclusion that the trier of fact's decision that appellant was guilty beyond a reasonable doubt was not an irrational one. Id. Therefore, the evidence was factually sufficient.

Finally, we must address the evidence that appellant contends should undermine our confidence in the fact finder's decision. Sims, 99 S.W.3d at 603. Appellant points to the testimony of Seigman about the repairs to the structure. When asked about the cost of the repairs, he stated that the estimate was $2,160. It is this bit of testimony that appellant contends makes the evidence insufficient. In support of this contention, appellant directs the court to Sebree v. State, 695 S.W.2d 303, 304 (Tex.App.–Houston [1st Dist.] 1985, no pet.). The court in Sebree determined that the testimony of the complainant that the estimate to repair the damaged property was not sufficient evidence to prove the cost of repair, which is required by the applicable provisions of the Penal Code. Id. (referencing the requirements of § 28.06(b)). Section 28.06(b) still controls the proof of pecuniary loss for purposes of the criminal mischief statute.[2] See § 28.06(b). If Seigman's testimony regarding the estimated damages was the only evidence of pecuniary loss, appellant's reliance on Sebree would be better understood. In Sebree, the estimate was the sum total of the evidence regarding the pecuniary loss suffered by the victim. What the court said was, "We further hold that an estimate of damage or an opinion on the amount of damage without further evidence is insufficient to prove cost of repair . . . ." Sebree, 695 S.W.2d at 305. In Sebree, the victim testified about an estimate and that she had the repairs done, but never offered any testimony that the repairs had been paid for. This is distinguishable from the case before us. Here, Seigman testified about an estimate for the structural repairs, the actual cost of the clean up, and the replacement cost of the

_____

[2] The applicable definition for pecuniary loss is "The amount of pecuniary loss under this Chapter, if the property is damaged, is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." TEX. PENAL CODE ANN. § 28.06(b) (Vernon 1994).

property destroyed. He then testified that he paid his deductible and the insurance company paid "about $5,700." The mathematical addition of the figures testified to by Seigman would require his insurance company to pay $5,272 after the deductible had been paid. Even if we take appellant's construction of Sebree as correct and apply it literally to the facts of the case before us, we still have sufficient evidence before the fact finder that the damage to Seigman was greater than the $1,500 threshold for criminal mischief as indicted. Giving due deference to the fact finder's ability to draw reasonable inferences from the evidence, the fact finder was rational in deciding that Seigman had suffered pecuniary loss of at least $1,500 or more but less than $20,000.

## Conclusion

Having overruled appellant's issues regarding the sufficiency of the evidence, we affirm the trial court's judgment.


Mackey K. Hancock
Justice

Do not publish.

7