NOS. 07-09-0026-CR, 07-09-0027-CR, 07-09-0028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2009
                                       ______________________________

RODOLFO SOSA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-100022, D-1-DC-06-300403, D-1-DC-06-300443;

 HONORABLE JON WISSER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ORDER ON MOTION TO WITHDRAW
          Pending before the Court is a motion filed by attorney Alexander Reyer seeking to
withdraw as appellate counsel.
          A review of the clerk’s record reveals that, after appellant was convicted and
sentence was imposed, the trial court determined that appellant was indigent and in need
of legal services. The clerk’s record shows that the trial court appointed Reyer to represent
appellant on appeal on January 14, 2009.
          On June 10, 2009, this Court received a motion from Reyer titled Motion for
Withdrawal of Counsel requesting this Court to allow Reyer’s withdrawal from this appeal. 
However, the motion now pending before this Court does not identify any current
deadlines; does not include the party’s name, last known address, or telephone number;
does not state that a copy of the motion was delivered to the party; and does not state that
the party was notified of the right to object to the motion. See Tex. R. App. P. 6.5(a). 
Because the motion fails to comply with the requisites of the rule, we deny the motion.
          We do, however, note that the trial court retains authority over the appointment of
counsel for appellant. See Enriquez v. State, 999 S.W.2d 906, 908 (Tex.App.–Waco 2000,
pet. ref’d). Any request for clarification of appointed counsel’s continuing role in this appeal
is properly directed initially to the trial court. Appellant is directed to supplement the
appellate record with the appropriate documentation of any further action taken by the trial
court with respect to appointed counsel.
          The Motion for Withdrawal of Counsel is denied.
 
                                                                           Per Curiam





Do not publish. 






legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury’s verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).
          If the evidence is legally sufficient, we then review the factual sufficiency challenge.
Clewis, 922 S.W.2d at 133. When an appellant challenges the factual sufficiency of the
evidence supporting his conviction, the reviewing court must determine whether,
considering all the evidence in a neutral light, the jury was rationally justified in finding the
appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415
(Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference
to the fact finder’s determinations if supported by evidence and may not order a new trial
simply because we may disagree with the verdict. See id. at 417. As an appellate court,
we are not justified in ordering a new trial unless there is some objective basis in the record
demonstrating that the great weight and preponderance of the evidence contradicts the
jury’s verdict. See id. Additionally, an appellate opinion addressing factual sufficiency
must include a discussion of the most important evidence that appellant claims undermines
the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
 
Analysis
          Appellant was convicted of burglary of a habitation by committing the felony offense
of criminal mischief causing pecuniary damage to real or personal property in the amount
of $1,500 or more but less than $20,000. See Tex. Penal Code Ann. §30.02(a)(3) (Vernon
1999).


 The elements of criminal mischief are that a person, without the effective consent
of the owner, damages or destroys the tangible property of the owner. See § 28.03. 
Criminal mischief is classified as a state jail felony if the amount of damage caused is
$1,500 or more but less than $20,000. The amount of pecuniary loss is calculated
pursuant to section 28.06. See § 28.06.
          The record reflects that the owner, Seigman, testified about the damage inflicted on
his home and that it was done without his effective consent. Further, the record reflects
that damage was both to the structure, in the form of broken windows, window screens,
walls and doors, other damage to interior, in the form of numerous blood stains, mud stains
and debris throughout the home. In addition, there was testimony about articles of
personal property and clothing that had been destroyed. As to each of these items, there
was testimony about the repair, cleaning, or replacement costs. As to the structural
damage, the testimony was that Seigman had received an estimate of $2,160 to complete
the repairs. For the cleaning of the various stains and debris left in the home, Seigman
testified that the charge was $1,612 to complete the cleanup. The evidence shows that
the articles of personal property and clothing that were destroyed was valued at “a little
over $2,500." Seigman subsequently testified that the total was $6,700 and, after he paid
his $1,000 deductible under his homeowner’s policy, the insurance company paid “about”
$5,700. All of this testimony was received by the trial court without objection. If the values
testified to by Seigman are added, the total is $6,272. After Seigman’s payment of the
$1,000 deductible, the record reflects that the insurance company paid $5,272. 
          In evaluating the legal sufficiency of the evidence, we must view the evidence in the
light most favorable to the verdict. Ross, 133 S.W.3d at 620. Further, we give deference
to the fact finder’s reasonable inferences from the basic facts to the ultimate fact. See
Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). When the evidence, as reflected
above, is compared to the elements of the offense, in the light most favorable to the
verdict, it is apparent that the State proved beyond a reasonable doubt that the pecuniary
loss suffered by Seigman was $1,500 or more but less than $20,000. Accordingly, we
cannot say the trial court acted irrationally, as the trier of fact, in finding appellant guilty
beyond a reasonable doubt. Ross, 133 S.W.3d at 620. 
          Having found the evidence legally sufficient, we must now address the issue of the
factual sufficiency of the evidence. Clewis, 922 S.W.2d at 133. While we view the
evidence without the prism of in the light most favorable to the verdict, we must still give
deference to the fact finder’s determinations if supported by evidence. Watson, 204
S.W.3d at 417. Our review of the evidence in a neutral light compels the conclusion that
the trier of fact’s decision that appellant was guilty beyond a reasonable doubt was not an
irrational one. Id. Therefore, the evidence was factually sufficient. 
          Finally, we must address the evidence that appellant contends should undermine
our confidence in the fact finder’s decision. Sims, 99 S.W.3d at 603. Appellant points to
the testimony of Seigman about the repairs to the structure. When asked about the cost
of the repairs, he stated that the estimate was $2,160. It is this bit of testimony that
appellant contends makes the evidence insufficient. In support of this contention,
appellant directs the court to Sebree v. State, 695 S.W.2d 303, 304 (Tex.App.–Houston
[1st Dist.] 1985, no pet.). The court in Sebree determined that the testimony of the
complainant that the estimate to repair the damaged property was not sufficient evidence
to prove the cost of repair, which is required by the applicable provisions of the Penal
Code. Id. (referencing the requirements of § 28.06(b)). Section 28.06(b) still controls the
proof of pecuniary loss for purposes of the criminal mischief statute.


 See § 28.06(b). If
Seigman’s testimony regarding the estimated damages was the only evidence of pecuniary
loss, appellant’s reliance on Sebree would be better understood. In Sebree, the estimate 
was the sum total of the evidence regarding the pecuniary loss suffered by the victim. 
What the court said was, “We further hold that an estimate of damage or an opinion on the
amount of damage without further evidence is insufficient to prove cost of repair . . . .” 
Sebree, 695 S.W.2d at 305. In Sebree, the victim testified about an estimate and that she
had the repairs done, but never offered any testimony that the repairs had been paid for. 
This is distinguishable from the case before us. Here, Seigman testified about an estimate
for the structural repairs, the actual cost of the clean up, and the replacement cost of the
property destroyed. He then testified that he paid his deductible and the insurance
company paid “about $5,700.” The mathematical addition of the figures testified to by
Seigman would require his insurance company to pay $5,272 after the deductible had been
paid. Even if we take appellant’s construction of Sebree as correct and apply it literally to
the facts of the case before us, we still have sufficient evidence before the fact finder that
the damage to Seigman was greater than the $1,500 threshold for criminal mischief as
indicted. Giving due deference to the fact finder’s ability to draw reasonable inferences
from the evidence, the fact finder was rational in deciding that Seigman had suffered
pecuniary loss of at least $1,500 or more but less than $20,000. 
Conclusion
          Having overruled appellant’s issues regarding the sufficiency of the evidence, we
affirm the trial court’s judgment. 


Mackey K. Hancock

Justice



Do not publish.