

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00225-CR

_____


BARBARA HOLZ, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 115th Judicial District Court
Marion County, Texas
Trial Court No. F13917


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Barbara Holz appeals her misdemeanor criminal mischief conviction for damage to John T. Lawrence's manufactured home caused by Holz's conduct in allowing her dog to defecate and urinate on the carpet of the manufactured home. This case is a companion to a third-degree felony charge brought against Holz and tried simultaneously with this matter, the other case involving a house across the street from Lawrence's property (which, although she maintained her residence there, belonged to the United States Department of Agriculture). In the companion case, Holz had kept some eighty-six dogs in and on the premises with damage occasioned to the floors of the house by reason of the animals' wastes. Since most of the evidence in that case is not relevant here and is mentioned here only to show the relation of the two cases, we do not reiterate it.

On appeal, Holz alleges that the trial court erred in failing to quash the indictment and in its refusal to include the requested defense of necessity in the charge. She also claims that the evidence was neither legally sufficient nor factually sufficient to support the judgment. Because we find the evidence for amount of pecuniary loss suffered by Lawrence to be legally insufficient to sustain her conviction, we reverse the judgment of Holz's conviction and render an acquittal in this cause.

## I.      Legal and Factual Sufficiency Standard of Review

Legal and factual sufficiency questions involve separate analyses. The requirement of legal sufficiency serves as a tool to determine, initially, whether an issue should be submitted to a fact-finder at all. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). When conducting this

2

analysis, we review all of the evidence in the light most favorable to the verdict and determine whether any rational jury could find the essential elements of the offense—here, pecuniary loss of at least $500.00, beyond a reasonable doubt. *Lacour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Clewis*, 922 S.W.2d at 132–33; *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). If we determine that the evidence is legally insufficient to sustain a conviction, the proper remedy is to reverse the case and order acquittal. *Clewis*, 922 S.W.2d at 133; *Taylor v. State*, 626 S.W.2d 543, 545 (Tex. App.—Texarkana 1981, pet. ref'd).

We measure the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case."[1] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). The hypothetically-correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. It is used to evaluate both legal and factual sufficiency. *Grotti*, 273 S.W.3d at 281.

## II.    Analysis

A person commits criminal mischief if he, without the effective consent of the owner, intentionally or knowingly damages or destroys the tangible property of the owner. TEX. PENAL

---

[1]*Malik* controls "*even in the absence of alleged jury charge error*." *Gollihar v. State*, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).

CODE ANN. § 28.03 (Vernon Supp. 2008). The pecuniary loss resulting from the criminal mischief determines the grade of the offense. TEX. PENAL CODE ANN. § 28.03(b); *see Lackey v. State*, No. 06-08-00162-CR, 2009 WL 1884421, at *8 (Tex. App.—Texarkana July 2, 2009, pet. filed). Thus, criminal mischief also includes, as a crucial element, the value of pecuniary loss. *Id.* at *5 (citing *Elomary v. State*, 796 S.W.2d 191, 192–93 (Tex. Crim. App. 1990)); *Barnes v. State*, 248 S.W.3d 217, 220 (Tex. App.—Houston [1st Dist.] 2007, pet. struck). Here, a jury determined pecuniary loss equaled or exceeded $500.00, making the criminal mischief a class A misdemeanor. The jury assessed punishment to Holz for thirty days' confinement and six months of community supervision.

The indictment and jury charge in this case would allow a jury to convict Holz if she either damaged or destroyed the manufactured home. The term "destroyed" is not defined in the Texas Penal Code. Nevertheless, in our case, there is no reference in the record alleging the manufactured home was destroyed by virtue of the carpet's condition.[2] If property is damaged, pecuniary loss is determined by the cost of repairing or restoring the damaged property within a reasonable time. TEX. PENAL CODE ANN. § 28.06(b) (Vernon 2003).

As to the underlying charge here, there was some uncertainty as to the degree of permission which Holz had received from Lawrence regarding permission to even enter the Lawrence manufactured home (which had been occupied by Lawrence's relative before the relative's death and

---

[2]We also note that the jury charge defined the term "pecuniary loss" to mean the cost of repairing or restoring the damaged property within a reasonable time after damage occurred, evidencing the State's recognition that the manufactured home was damaged, rather than destroyed.

then remained vacant). As opposed to the herd of eighty-six dogs located across the street, there was only one small dog found in the bathroom of Lawrence's manufactured home. Accordingly, circumstances of the damage to the manufactured home did not carry with it the sensationalism of the companion case. At any rate, Holz acknowledged the dog found in the manufactured home to be one of hers.

At trial, Lawrence was the State's sole source of testimony regarding the amount of pecuniary loss suffered by him due to the canine wastes deposited on the floors. He stated he had "called Holloway Carpet in Marshall and just told them it was a 12-by-65 mobile home . . . [and that] it was two bedroom and living room that need to be replaced." Lawrence testified the estimate was for $2,100.00, but a written estimate was not introduced. Texas law is clear that unless a complainant is an expert, "an estimate of damage or an opinion on the amount of damage without further evidence is insufficient to prove the cost of repair."[3] *English v. State*, 171 S.W.3d 625, 629 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (stating owner's testimony based on estimate was insufficient since he had no expertise that would qualify him to estimate the amount of damage to

[3]If the property alleged in the indictment is destroyed, the amount of pecuniary loss is either the fair market value of the property at the time and place of destruction, or, if fair market value cannot be ascertained, the cost of replacing the property within a reasonable time after destruction. TEX. PENAL CODE ANN. § 28.06(a) (Vernon 2003). The State cites several cases standing for the proposition that an owner may testify as to the fair market value of his property. *Scott v. State*, 741 S.W.2d 435, 438 (Tex. Crim. App. 1987); *Sepulveda v. State*, 751 S.W.2d 667, 669 (Tex. App.—Corpus Christi 1998, pet. ref'd). Since there is insufficient testimony that the manufactured home was destroyed, as alleged in the indictment, the measure of pecuniary loss cannot be measured by fair market value.

his car) (citing *Sebree v. State*, 695 S.W.2d 303, 305 (Tex. App.—Houston [1st Dist.] 1985, no pet.)); *Elomary*, 796 S.W.2d at 193 (quoting *Sebree* with approval in stating "[O]ff-the-wall," opinion testimony, or a mere estimate of cost of repair, "*without further evidence*," is not sufficient to prove the cost of repairs for a criminal-mischief conviction); *see also In re M.C.L.*, 110 S.W.3d 591, 595 (Tex. App.—Austin 2003, no pet.). No further evidence on cost of repair was presented.

We hold that Lawrence's testimony was legally insufficient to establish that the amount of pecuniary loss suffered by him exceeded $500.00. Thus, we reverse the judgment as to Holz's conviction and render an acquittal in this cause number. *Deas v. State*, 752 S.W.2d 573, 576 (Tex. Crim. App. 1988) (citing *Burks v. United States*, 437 U.S. 1 (1978)); *Shipp v. State*, No. 06-08-00124-CR, 2009 WL 2177214, at *7 (Tex. App.—Texarkana July 23, 2009, no pet. h.). Accordingly, we need not address Holz's remaining points of error.

### III.    Conclusion

We reverse the judgment of Holz's conviction and render acquittal in this cause.[4]

Bailey C. Moseley
Justice

Date Submitted:      August 19, 2009
Date Decided:        September 30, 2009

Do Not Publish

---

[4]We distinguish this case from our recent opinion in *Lackey*.  Lackey was convicted of criminal mischief for puncturing tires by throwing roof nails on the roadway.  The jury found pecuniary loss in excess of $1,500.00.  2009 WL 1884421, at *1.  We found the evidence was insufficient to find this amount of pecuniary loss.  *Id.* at *7.  However, the jury in *Lackey* was presented with a lesser-included offense of criminal mischief where pecuniary loss was more than $50.00, but less than $500.00 dollars.  *Id.* at *8.  Because we found the evidence supported the lesser-included offense, we were able to simply reform the judgment to reflect conviction of a class B misdemeanor and remand the case to the trial court.  *Id.*  This option is not available in the present case since neither party requested, and the jury was not presented with, such a lesser-included offense charge.