In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-08-00225-CR

                                                ______________________________

 

 

                                         BARBARA HOLZ,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 115th
Judicial District Court

                                                            Marion County, Texas

                                                           Trial
Court No. F13917

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                   Memorandum Opinion on Remand by Justice Moseley








                                         MEMORANDUM OPINION ON REMAND

 

            Barbara
Holz appealed her misdemeanor criminal mischief conviction for damage to John T.
Lawrence’s manufactured home caused by Holz’s conduct in allowing her dog to
defecate and urinate on the carpet of the manufactured home.[1]  Holz alleged, inter alia, that the evidence was neither legally sufficient nor
factually sufficient to support the judgment. 
In this opinion on remand, we decide that the evidence for amount of
pecuniary loss suffered by Lawrence was legally insufficient to sustain Holz’s
conviction.[2]  Accordingly, we reverse Holz’s conviction and
render a judgment of acquittal in this cause.

I.          Legal Sufficiency
Standard of Review

            Although
Holz raised a factual sufficiency challenge on appeal, in the very recent case
of Brooks v. State, a plurality of
the Texas Court of Criminal Appeals abolished the factual sufficiency review
established by Clewis v. State[3] and its progeny.  No. PD-0210-09, 2010 WL 3894613, at **1, 14
(Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision).  The plurality and a concurring justice agreed
that “the Jackson v. Virginia
legal-sufficiency standard is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  Id. (emphasis
added).  Due to the Texas Court of
Criminal Appeals’ abolishment of factual sufficiency review, we do not address
Holz’s challenge to the factual sufficiency of the evidence.

            In
evaluating Holz’s legal sufficiency challenge, we review all of the evidence in
the light most favorable to the verdict and determine whether any rational jury
could find the essential elements of the offense (here, pecuniary loss of at
least $500.00) beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S.
307, 319 (1979); Sanders v. State,
119 S.W.3d 818, 820 (Tex. Crim. App. 2003); Hartsfield
v. State, 305 S.W.3d 859, 862 (Tex. App.––Texarkana 2010, pet. ref’d).  Based on the Brooks plurality’s description of the new application of legal
sufficiency review under Jackson as “rigorous”
and its statement that the use by reviewing courts of the factual sufficiency
standard in tandem with the legal sufficiency standard may have “skewed” its
proper application, it appears that the court is attempting to refocus the
application of the legal sufficiency standard from the quantity to the quality
of the evidence presented.  2010 WL
3894613, at *17 (Cochran, J., concurring). 
We examine legal sufficiency under the direction of the Brooks opinion, while giving deference
to the responsibility of the jury “to fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).  If we determine that the evidence is legally
insufficient to sustain a conviction, the proper remedy is to reverse the case
and order acquittal.  See Tibbs v. Florida, 457 U.S. 31, 41–42
(1982); Taylor v. State, 626 S.W.2d
543, 545–46 (Tex. App.––Texarkana 1981, pet. ref’d).

            We
measure the evidence “by the elements of the offense as defined by the
hypothetically correct jury charge for the case.”[4]  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The hypothetically-correct jury charge “sets
out the law, is authorized by the indictment, does not unnecessarily increase
the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the
defendant was tried.”  Id. 


II.        Analysis

            A
person commits criminal mischief if he, without the effective consent of the
owner, intentionally or knowingly damages or destroys the tangible property of
the owner.[5]  Tex.
Penal Code Ann. § 28.03 (Vernon Supp. 2010).  The pecuniary loss resulting from the criminal
mischief determines the grade of the offense. 
Tex. Penal Code Ann. §
28.03(b); see Lackey v. State, 290 S.W.3d 912, 918 (Tex. App.––Texarkana 2009,
pet. ref’d).  Thus, criminal mischief
also includes, as a crucial element, the value of pecuniary loss.  Lackey,
290 S.W.3d at 918 (citing Elomary v.
State, 796 S.W.2d 191, 192–93 (Tex. Crim. App. 1990)); Barnes v. State, 248 S.W.3d 217, 220 (Tex. App.––Houston [1st
Dist.] 2007, pet. struck).  Here, a jury
determined pecuniary loss equaled or exceeded $500.00, making the criminal
mischief a class A misdemeanor.  The jury
assessed punishment to Holz for thirty days’ confinement and six months of
community supervision.

            The
indictment and jury charge in this case would allow a jury to convict Holz
either if she damaged the manufactured home or if she destroyed it.  At trial, the State elected to proceed on the
theory that Holz had damaged, rather than destroyed, the mobile home.[6]  If property is damaged, pecuniary loss is
determined by the cost of repairing or restoring the damaged property within a
reasonable time.  Tex. Penal Code Ann. § 28.06(b) (Vernon 2003).

            Shawn
Cox, an investigator for the Marion County Sheriff’s Office, and Christopher
West, an investigator for the Society for the Prevention of Cruelty to Animals,
described the condition of the mobile home. 
Holz, 320 S.W.3d at 345.  West testified that there were approximately
ten piles of feces in the mobile home and that the smell of urine was present.  He recalled only 100 square feet of carpet in
the home.  

            At
trial, Lawrence was the State’s source of testimony regarding the amount of
loss suffered by him due to the canine waste deposited on the floors.  There were several rooms, including the
kitchen and bathroom, that were not carpeted. 
Although Lawrence claimed the entire carpeted area in the home was “ruined,”
he had testified previously that the carpet had sustained water damage before
the damage caused by the animal feces, and failed to clarify that the dog’s
waste had damaged all three carpeted rooms. 
Even though the entire mobile home was “12 by 65” (780 square feet) in
size, Lawrence stated he had “called Holloway Carpet in Marshall and just told them
it was a 12-by-65 mobile home . . . [and that] it was two bedroom and living
room that need to be replaced.”  Upon
cross-examination, he also stated that he provided the carpet company twelve
feet by fourteen feet as the dimensions of each of the three rooms, leading to
a total carpeted square footage of 504 feet. 
Lawrence testified the estimate he received was to replace (not repair)
the carpet and pad at a cost of $2,100.00. 
There was no indication of how many square feet of carpet were included
in the estimate, no indication of the price of the carpet versus the pad, and
no testimony that the carpet pad required replacement.  There was further no evidence provided as to
the quality of the carpet which was damaged, as compared with the quality of the
carpet proposed to be used to replace it.  Lawrence did not contact anyone to determine
whether the damage to the carpet could be remedied by cleaning.  

            “[A]n estimate of
damage or an opinion on the amount of damage without further evidence is insufficient to prove the cost of
repairs as required by sec. 28.06(b) of the Texas Penal Code.” Elomary, 796 S.W.2d at 193.  Lawrence
concluded, without evidence, that the living room and two bedrooms had carpet
that needed to be replaced.  He also rendered
an opinion that the carpet pad was damaged by including it in the estimate to
replace it.  The Texas Court of Criminal
Appeals, citing Elomary, explained
that “an unsupported lay opinion as to damage,
without more, will be insufficient to prove cost
of repair.”  Holz, 320 S.W.3d at 350.  Here, Lawrence claimed that he had received a
cost estimate to replace the carpet, without determining whether it could be
otherwise repaired or cleaned.  While he
claimed the carpet was ruined, Lawrence did not clarify whether the price of
the estimate was necessary due to Holz’s actions as distinguished from previous
damage.  Id. at 352 n.52 (quoting Athey
v. State, 697 S.W.2d 818, 821 (Tex. App.––Dallas 1985, no writ) (“[T]he
State has a burden ‘to show that the repairs . . . were a necessary result of
defendant’s acts, rather than a result of previous damage.’”).  Referring to Sebree v. State, 695 S.W.2d 303 (Tex. App.––Houston [1st Dist.]
1985, no pet.), the Texas Court of Criminal Appeals further stated:

Although it is possible that evidence could show
that damages and costs of repair are synonymous in certain circumstances, we
are of the opinion that in the instant case the State has failed to prove that
the two terms are synonymous.  The
evidence adduced by the state [sic]
failed to connect the estimate of damages in any manner with the cost of
repair.

 

Holz, 320 S.W.3d at 349.  We
find the same has occurred in the instant case. 


            We
hold that Lawrence’s testimony was legally insufficient to establish that the amount
of pecuniary loss suffered by him exceeded $500.00.  Thus, we reverse the judgment as to Holz’s
conviction and render an acquittal in this cause number.  Deas v.
State, 752 S.W.2d 573, 576 (Tex. Crim. App. 1988) (citing Burks v. United States, 437 U.S. 1
(1978)).  Accordingly, we need not
address Holz’s remaining points of error.

III.       Conclusion

            We reverse the judgment of Holz’s
conviction and render acquittal in this cause.[7]

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          October 20, 2010

Date Decided:             November 4, 2010

 

Do Not Publish











[1]This
case is a companion to a third-degree felony charge brought against Holz and
tried simultaneously with this matter in our cause number 06-08-00224-CR, the
other case involving a house across the street from Lawrence’s property (which,
although she maintained her residence there, belonged to the United States
Department of Agriculture).  In the
companion case, Holz had kept some eighty-six dogs in and on the premises with
damage occasioned to the floors of the house by reason of the animals’ waste.  Since most of the evidence in that case is not
relevant here and is mentioned here only to show the relation of the two cases,
we do not reiterate it.  

 





[2]In
our previous opinion, we stated that unless a complainant is an expert, “an
estimate of damage or an opinion on the amount of damage without further evidence is insufficient to prove the cost of
repairs.”  Elomary v. State, 796 S.W.2d 191, 192–93 (Tex. Crim. App. 1990); English v. State, 171 S.W.3d 625, 629 (Tex.
App.––Houston [14th Dist.] 2005, no pet.) (citing Sebree v. State, 695 S.W.2d 303, 305 (Tex. App.––Houston [1st
Dist.] 1985, no pet.)).  The Texas Court
of Criminal Appeals has clarified that presentation of expert testimony is not
required when proving cost of repairs.  Holz v. State, 320 S.W.3d 344, 352 (Tex.
Crim. App. 2010).  

 





[3]922
S.W.2d 126 (Tex. Crim. App. 1996). 





[4]Malik controls “even in the absence of alleged jury charge error.”  Gollihar
v. State, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).

 





[5]As
to the underlying charge here, there was some uncertainty as to the degree of
permission which Holz had received from Lawrence regarding permission to even
enter the Lawrence manufactured home (which had been occupied by Lawrence’s
relative before the relative’s death and then remained vacant).  However, Holz acknowledged ownership of the
dog found in the manufactured home.





[6]If
the property alleged in the indictment is destroyed, the amount of pecuniary
loss is either the fair market value of the property at the time and place of
destruction or, if fair market value cannot be ascertained, the cost of
replacing the property within a reasonable time after destruction.  Tex.
Penal Code Ann. § 28.06(a) (Vernon 2003).  There is no reference in the record alleging
the manufactured home was destroyed by virtue of the carpet’s condition.  The jury charge defined the term “pecuniary
loss” to mean the cost of repairing or restoring the damaged property within a
reasonable time after damage occurred, evidencing the State’s recognition that
the manufactured home was damaged, rather than destroyed. 





[7]We
distinguish this case from our opinion in Lackey.
 Lackey was convicted of criminal
mischief for puncturing tires by throwing roof nails on the roadway.  The jury found pecuniary loss in excess of
$1,500.00.  Lackey, 290 S.W.3d at 918.  We
found the evidence was insufficient to find this amount of pecuniary loss.  Id.
at 920.  However, the jury in Lackey was presented with a
lesser-included offense of criminal mischief where pecuniary loss was more than
$50.00, but less than $500.00 dollars.  Id.  Because we found the evidence supported the
lesser-included offense, we were able to simply reform the judgment to reflect
conviction of a class B misdemeanor and remand the case to the trial court.  Id.  This option is not available in the present
case since neither party requested, and the jury was not presented with, such a
lesser-included offense charge.